UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Crim. No. 1:07-cr-00075-CKK |
| ERICK R. BROWN, and MILAGROS L. MORALES, | ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' MOTION TO DISMISS COUNTS TWO THROUGH
FIVE FOR FAILURE TO STATE AN OFFENSE UNDER 18 U.S.C. §§ 371 and 1512(c)**
<u>**(Defendants' Pretrial Motion No. 2)**</u>

    Defendants Erick R. Brown and Milagros L. Morales, through counsel, hereby move this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B), to dismiss Counts Two through Five of the Indictment for failure to state an offense under 18 U.S.C. §§ 371 and 1512(c).

    Defendants respectfully request oral argument on this motion. A proposed Order is attached.

                     Respectfully submitted,

                     _____
                     Reid H. Weingarten (D.C. Bar #365893)
                     Brian M. Heberlig (D.C. Bar #455381)
                     Steptoe & Johnson LLP
                     1330 Connecticut Avenue, N.W.
                     Washington, D.C. 20036-1795
                     (202) 429-3000

                     Counsel for Erick R. Brown

- 2 -

        David Schertler
        Danny Onorato
        Schertler & Onorato, L.L.P.
        601 Pennsylvania Avenue, N.W.
        North Building - 9th Floor
        Washington, D.C.  20004-2601
        (202) 628-4199

        Counsel for Milagros L. Morales

Dated:  April 11, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Crim. No. 1:07-cr-00075-CKK |
| ) | |
| ERICK R. BROWN, and ) | |
| MILAGROS L. MORALES, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS COUNTS TWO THROUGH FIVE
FOR FAILURE TO STATE AN OFFENSE UNDER 18 U.S.C. §§ 371 and 1512(c)
(Defendants' Pretrial Motion No. 2)**

**I.   INTRODUCTION**

The Court should dismiss Counts Two, Three, Four and Five of the Indictment for failure to state an offense under 18 U.S.C. §§ 371 and 1512(c), because Section 1512(c) applies only to efforts to tamper with documents and other tangible evidence and the Counts at issue fail to allege any obstructive conduct related to such tangible evidence.

Counts Two through Four charge Defendants Erick R. Brown and Milagros L. Morales ("Defendants") with conspiracy to obstruct justice based on allegations that they "caused" three witnesses to make false statements to an Assistant United States Attorney in connection with an investigation into a murder at a Washington, D.C. nightclub. Count Five also charges Defendants with conspiring to obstruct justice by providing false information and failing to provide exculpatory evidence to the assigned AUSA in connection with the same investigation. None of these Counts allege any obstruction related to documents or other tangible evidence. Because Section 1512(c) only addresses tampering with tangible evidence,

such as documents or other physical evidence, the Court should dismiss Counts Two through Five for failure to state an offense.

## II. THE INDICTMENT

During the relevant time period, Defendants were detectives with the Metropolitan Police Department ("MPD") in Washington, D.C., assigned to the Homicide Unit of the Violent Crimes Branch. The allegations in the Indictment arise out of an investigation by Defendants of the February 13, 2005 murder of Terrance Brown at a nightclub called Club U in Washington, D.C.

According to the Indictment, as part of the investigation, Defendants took videotaped statements from two witnesses, Witness A and Witness B, who saw the attack on Terrance Brown at Club U on February 13, 2005. Indictment at 3 (¶ 7). On February 15, 2005, based in part on those interviews, Defendants presented a draft arrest warrant for an individual named Jerome Jones to an Assistant United States Attorney in the United States Attorney's Office for the District of Columbia (the "AUSA"). Id. The arrest warrant charged Jerome Jones with murder one while armed. Id. The AUSA reviewed the investigative file, including the videotaped statements of the two witnesses, and requested that she be able to interview them personally. Id. Thereafter, Defendants brought Witness A and Witness B in to speak with the AUSA on separate and subsequent days. Id. at 4 (¶ 7).

According to the Indictment, Defendants caused these two witnesses to alter their testimony from what they had said in their videotaped statements and provide inaccurate and untruthful information to the AUSA about what they had seen at Club U on the night of the murder. Indictment at 4 (¶ 8). After speaking with the first two witnesses, the AUSA asked to speak to a third witness, Witness C, who had not given a videotaped statement. Id. at 5 (¶ 9).

The Indictment alleges that Defendants also caused this witness to change her testimony about what she saw at Club U on the night of the murder, and attribute conduct to Jerome Jones that was not accurate. Id. at 5 (¶ 10).

Based on these allegations, Counts Two through Five of the Indictment charge Defendants with four separate conspiracies to obstruct the investigation of the Club U murder in violation of 18 U.S.C. §§ 2, 371 and 1512(c)(2). Specifically, Counts Two, Three and Four of the Indictment allege that Defendants conspired to cause Witnesses A, B and C to alter their testimony and provide untruthful information about the Club U matter to the AUSA. Indictment at 8 (¶ 2), 9 (¶ 2), 10 (¶ 2). Count Five alleges that Defendants conspired to provide false information and fail to provide exculpatory evidence to the AUSA about the Club U murder investigation. Id. at 11 (¶ 2). None of the allegations in the Indictment suggest that Defendants tampered with any physical evidence.

### III.  ARGUMENT

#### A. Section 1512(c)(2) Applies Only To Tampering With Documents And Other Physical Evidence

Counts Two through Five of the Indictment charge Defendants with four separate conspiracies to obstruct justice in violation of 18 U.S.C. §§ 2, 371 and 1512(c)(2). Section 1512(c) provides in full:

> Whoever corruptly –
>
> (1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or
>
> (2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so,

- 3 -

>shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 1512(c). The theory of obstruction alleged in Counts Two through Five of the Indictment involves a type of conduct that is not covered by Section 1512(c), which only prohibits tampering with tangible evidence, that is, documents and other physical evidence. Because the Indictment does not allege that Defendants tampered with tangible evidence in any way whatsoever, Counts Two, Three, Four and Five of the Indictment should be dismissed.

The fact that these Counts charge Defendants with conspiracy to obstruct justice rather than with a straightforward violation of Section 1512(c) changes nothing, because there can be no conspiracy if the underlying "crime" is not actually an offense. See United States v. Kanchanalak, 37 F. Supp. 2d 1, 5 (D.D.C. 1999) (dismissing obstruction count because "the 'offense' defendants allegedly agreed to commit in fact is not an offense"). "A conspiracy to be criminal must, of necessity, encompass a crime." United States v. Aloi, 511 F.2d 585, 592 (2d Cir. 1975); United States v. Galardi, 476 F.2d 1072, 1079 (9th Cir. 1973) ("It should require no citation of authority to say that a person cannot conspire to commit a crime against the United States when the facts reveal there could be no violation of the statute under which the conspiracy is charged.") (citation omitted). Therefore, because the Indictment does not state a violation of Section 1512(c)(2), it necessarily follows that Defendants cannot be charged with conspiracy to commit such a violation.

> 1. **Courts Have Recognized That The Plain Language Of Section 1512(c)(2) Applies Only To Tampering With Tangible Evidence**

Although there is little case law construing the outer boundaries of the conduct proscribed by Section 1512(c)(2), there are several cases holding that the subsection only applies to tampering with tangible evidence, namely, documents. In United States v. Singleton, Criminal

Action No. H-06-080, 2006 WL 1984467 (S.D. Tex. July 14, 2006), for example, the court explicitly held that "to violate § 1512(c)(2), the charged conduct must have some reasonable nexus to a record, document, or tangible object." Id. at *3.[1]  In so holding, the court specifically rejected the same broad interpretation of Section 1512(c)(2) advanced by the government in this case -- that is, a literal reading of the "very expansive language" of subsection (c)(2) without any reference to the preceding language in subsection (c)(1) -- finding that such a reading "totally disregards the clause's context within § 1512, specifically § 1512(c)." Id.  The Singleton court concluded that because "[t]he residual language in subsection (c)(2) must . . . capture conduct similar to but different from that specifically described in (c)(1)," it must "require some nexus to tangible evidence." Id.

       Other courts have also recognized that the enactment of Section 1512(c) "created a specific subsection dealing with tampering of tangible evidence, in what was otherwise a statute that previously dealt only with tampering" of persons.  United States v. Hutcherson, No. CRIM. 605CR00039, 2006 WL 270019, at *2 (W.D. Va. Feb. 3, 2006) ("Hutcherson I"); United States v. Peel, Criminal No. 06-30049-WDS, 2006 WL 2864106, at *2 n.1 (S.D. Ill. Oct. 2, 2006) (same); see also United States v. Guardiola Ramirez, No. CRIM. 06-006 (HL), 2006 WL 573917, at *3 (D.P.R. Mar. 8, 2006) (drafting phony services contract in response to subpoena is type of conduct proscribed by Section 1512(c)(2), whereas attempting to persuade witnesses to provide false information to grand jury falls within the scope of Section 1512(b)(1)).

---

[1] In Singleton, the court denied the defendant's motion to dismiss the indictment on the grounds that it sufficiently alleged that the defendant "knowingly and corruptly participated in the creation of a memorandum -- a document or tangible object -- that he expected would obstruct, influence, or impede" the pending government investigations. Id. at *5.  Thus, the court explicitly relied on the fact that the indictment alleged obstructive conduct specifically relating to a document, an allegation that is conspicuously absent in this case.

The defendant's actions in United States v. Reich, 420 F. Supp. 2d 75 (E.D.N.Y. 2006), aff'd, No. 06-1445-cr, 2007 U.S. App. LEXIS 4800 (2d Cir. Mar. 2, 2007), illustrate the type of conduct properly charged under Section 1512(c)(2), and stand in stark contrast to the allegations in this case. In Reich, the defendant was found guilty of forging a court order and sending it to opposing counsel in an effort to obstruct a pending lawsuit. In denying the defendant's Rule 29 motion for judgment of acquittal, the court held that "a violation of [Section 1512(c)(2)] occurs where, as here, a person acts with the intent to deceive an adverse party with the reasonable expectation that the deception will interfere with a judicial proceeding." Id. at 84. What distinguishes Reich from the instant case, is that there, the defendant was charged with tampering with physical evidence, specifically, forging a court order. Similarly, in a subsequent opinion in the Hutcherson case cited above, the defendant was found guilty of, among other things, causing false documents to be created to validate his fraudulent use of certain funds. United States v. Hutcherson, No. CRIM 6:05CR00039, 2006 WL 1875955, at *3 (W.D. Va. July 5, 2006) ("Hutcherson II"). In rejecting the defendant's Rule 29 motion, the court found that this conduct clearly violated Section 1512(c)(2).[2] Once again, the defendant's conduct in Hutcherson, like that in Reich, involved some reasonable nexus to a document. There is no such allegation relating to a document or other piece of tangible evidence in this case, and for that reason, Counts Two through Five must be dismissed.

---

[2] As indicated above, the court had previously found that Section 1512(c)(2) specifically addresses document tampering in denying the defendant's motion to dismiss the indictment, and had held that "[i]f an individual corruptly obstructs an official proceeding[ ] through his conduct *in relation to a tangible object*, such person violates this subsection." Hutcherson I, 2006 WL 270019, at *2 (emphasis added).

### 2. The Interpretive Canons *Ejusdem Generis* And *Noscitur A Sociis* Support A Narrow Reading Of Section 1512(c)(2)

The well-established interpretive principle *ejusdem generis* and the related concept of *noscitur a sociis* also support a reading of Section 1512(c)(2) that limits its reach to acts of tampering with physical evidence.[3]

"Under the established interpretative canon of *ejusdem generis*, '[w]here general words follow specific words,' the general words are 'construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words.'" Edison Elec. Inst. v. OSHA, 411 F.3d 272, 281 (D.C. Cir. 2005) (quoting Washington State Dep't of Soc. & Health Servs. v. Guardianship Estate of Keffeler, 537 U.S. 371, 384 (2003)) (alteration in original) (citation omitted); see also Cole v. Burns Int'l Sec. Servs., 105 F.3d 1465, 1471 (D.C. Cir. 1997) (*ejusdem generis* "limits general terms which follow specific ones to matters similar to those specified") (internal quotation marks omitted) (citation omitted). Thus, the canon "counsels against . . . reading [a] general phrase to include conduct wholly unlike that specified in the immediately preceding list of prohibited acts." Mohave Elec. Coop. v. NLRB, 206 F.3d 1183, 1191-92 (D.C. Cir. 2000). Specifically, when dealing with a catch-all provision such as Section 1512(c)(2), the principle of *ejusdem generis* teaches that it should "be read as bringing within a statute categories similar in type to those specifically enumerated." Fed. Maritime Comm'n v. Seatrain Lines, Inc., 411 U.S. 726, 734 (1973). "Thus, if a statute lists 'fishing rods, nets, hooks, bobbers, sinkers and other equipment,' 'other equipment' might mean plastic worms and fishing line, but not snow shovels or baseball bats." Bazuaye v. United States, 83 F.3d 482, 484 (D.C.

---

[3] The term *ejusdem generis* is defined as "[o]f the same kind, class, or nature," Black's Law Dictionary 517 (6th ed. 1990). *Noscitur a sociis* means "[i]t is known from its associates." Id. at 1060.

Cir. 1996) (citing United States v. Aguilar, 515 U.S. 593, 615 (1995) (Scalia, J., concurring in part and dissenting in part)). The related doctrine of *noscitur a sociis*, that "a word is known by the company it keeps," suggests the same result. Stewart v. Nat'l Educ. Ass'n, 471 F.3d 169, 175 (D.C. Cir. 2006).

Applying these maxims, the phrase "otherwise obstructs, influences, or impedes any official proceeding" in Section 1512(c)(2) should be interpreted by reference to the language in subsection (c)(1) that immediately precedes it, that is, "alters, destroys, mutilates, or conceals a *record, document, or other object . . . with the intent to impair the object's integrity or availability for use in an official proceeding. . . .*" 18 U.S.C. § 1512(c)(1) (emphasis added). A broad interpretation of Section 1512(c)(2) is inappropriate because it fails to give independent effect to the specific acts listed in subsection (c)(1); rather, it treats those acts as if they were intended to be subsumed within the "overarching" provision of subsection (c)(2). Reading the two subsections together, it is clear that Section 1512(c)(2) is directed at conduct similar to that proscribed in the preceding subsection, and is meant to address tampering with physical evidence not covered by Section 1512(c)(1). See Singleton, 2006 WL 1984467, at *3. Plainly, "causing" a witness to change his or her testimony is not the type of conduct encompassed by Section 1512(c)(1) and, therefore, under the principles of *ejusdem generis* and *noscitur a sociis*, it should likewise be deemed to be outside the scope of Section 1512(c)(2).

Moreover, if Section 1512(c)(2) is to be given the broad reading advocated by the government, it would render superfluous most, if not all, of the other provisions of Section 1512, let alone other obstruction statutes. For example, Section 1512(b)(1) criminalizes "knowingly . . . corruptly persuad[ing] another person . . . with intent to . . . influence, delay, or prevent the testimony of any person in an official proceeding. . . ." 18 U.S.C. § 1512(b)(1). If Section

1512(c)(2) were construed without limitation, the government could charge conduct specifically proscribed by Section 1512(b)(1) under Section 1512(c)(2), thereby rendering subsection (b)(1) completely superfluous. Instead, Section 1512(c) should be understood as "merely one strand of an intricate web of regulations" governing obstructive conduct relating to official proceedings. United States v. Sun-Diamond Growers of California, 526 U.S. 398, 409 (1999) (construing 18 U.S.C. § 201(c)(1)(A)). As the Supreme Court has stated, "a statute . . . that can linguistically be interpreted to be either a meat axe or a scalpel should reasonably be taken to be the latter." Id. at 412.

Similarly, other subsections of 18 U.S.C. § 1512 and other obstruction statutes would also be rendered redundant if Section 1512(c)(2) is read in a broad manner. Sections 1512(a), 1512(b) and 1512(d) all proscribe conduct that could be prosecuted under a liberally construed Section 1512(c)(2). Likewise, a literal reading of Section 1512(c)(2), without taking into account the limiting context of Section 1512(c)(1), would render 18 U.S.C. §§ 1503 and 1505 completely superfluous. A broad reading of Section 1512(c)(2) therefore turns numerous statutory provisions into surplusage, a situation which is unacceptable for any statute, but particularly a criminal one. See generally Ratzlaf v. United States, 510 U.S. 135, 140-41 (1994) (courts' resistance to treating statutory terms as surplusage "should be heightened when the words describe an element of a criminal offense") (citations omitted). Moreover, the effective replacement of several obstruction statutes with a broadly-interpreted Section 1512(c)(2) would mean that the substantially lesser penalties that Congress has deemed appropriate for the specifically proscribed conduct of 18 U.S.C. §§ 1503, 1505, 1512(a), 1512(b) and 1512(d) would

be supplanted by the twenty-year maximum sentence of Section 1512(c)(2).[4] Such an outcome is both wholly inappropriate and illogical.

Accordingly, the Court should construe Section 1512(c)(2) narrowly, and find that the conduct alleged in Counts Two through Five does not fall within its proscription.

### 3. The Legislative History Of Section 1512(c) Confirms That The Section Was Enacted To Address Tampering With Physical Evidence

As already demonstrated, the plain language of Section 1512(c), interpreted with the aid of well-established canons of statutory construction, unambiguously limits the reach of the statute to conduct related to tampering with physical evidence. Therefore, the Court need not look beyond the language of the statute itself to discern its scope. "[I]t is elementary in the law of statutory construction that, absent ambiguity or unreasonable result, the literal language of the statute controls and resort to legislative history is not only unnecessary but improper." United States v. Lin, 101 F.3d 760, 766-67 (D.C. Cir. 1997) (citation and internal quotation marks omitted). However, even if the Court were to determine that the statute is ambiguous, the legislative history of Section 1512(c) also confirms that the statute was intended to reach only conduct related to tampering with physical evidence.

The historical context within which Section 1512(c) was enacted makes clear that, in drafting the provision, Congress was responding to what it perceived as a deficiency in the obstruction laws relating to document destruction. Section 1512(c) was enacted as part of the Corporate Fraud Accountability Act of 2002, and included in the Sarbanes-Oxley Act of 2002, in the wake of the scandal surrounding Arthur Andersen's shredding and destruction of Enron-

---

[4] The maximum sentences of non-violent obstruction provisions under 18 U.S.C. §§ 1503, 1505, 1512(a), 1512(b) and 1512(d), by contrast, range from one year to ten years.

- 10 -

related documents. See S. Rep. No. 107-146, at 2-5 (2002). The government's efforts in prosecuting Arthur Andersen highlighted the absence of any statutory provision specifically prohibiting the destruction of physical evidence by an individual prior to the issuance of a subpoena. At the time, the government relied on 18 U.S.C. § 1512(b)(2)(B), which prohibits corruptly persuading another person to destroy documents, proceeding "under the legal fiction that the defendants are being prosecuted for telling other people to shred documents, not simply for destroying evidence themselves." S. Rep. No. 107-146, at 7. Congress thus concluded that "current federal obstruction of justice statutes relating to document destruction [are] riddled with loopholes and burdensome proof requirements." Id. at 6.

The obstruction provisions in the Corporate Fraud Accountability Act were drafted to address these problems. The Act itself was designed to "clarify and close loopholes in the existing criminal laws relating to the destruction or fabrication of evidence and the preservation of financial and audit records." S. Rep. No. 107-146, at 14. Furthermore, the Senate Report submitted on May 6, 2002 with the proposed bill (S. 2010), stated that the Act contained two provisions, 18 U.S.C. §§ 1519 and 1520, making document destruction a felony, because "the current laws regarding destruction of evidence are full of ambiguities and limitations that must be corrected." S. Rep. No. 107-146, at 7.[5] As a companion to these two provisions, Section 1512(c) was introduced as part of an amendment proposed by Senator Lott in

---

[5] Section 1519 prohibits an act that "alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object" within the jurisdiction of any federal agency or "in relation to or contemplation of any such matter or case. . . ." 18 U.S.C. § 1519 (Supp. IV 2004). Section 1520 penalizes public accountants who fail to "maintain all audit or review workpapers for a period of 5 years" or violate record retention rules promulgated by the Section  18 U.S.C. § 1520 (Supp. IV 2004).

July 2002.[6] Senator Hatch, speaking in support of the amendment, stated that it would "close[ ] [the] loophole" created by the current obstruction statutes and hold criminally liable a person who, acting alone, destroys documents. Id. at S6550 (statement of Sen. Hatch).

These statements make it clear that the express purpose of Section 1512(c) was to criminalize the type of document destruction undertaken by Arthur Andersen during the Enron investigation. Nothing in the legislative history of the statute suggests otherwise. There is certainly no mention of the type of conduct alleged here, which has no relation to any sort of physical evidence. The government's apparent position in this case -- that any non-document related obstructive conduct can be prosecuted under Section 1512(c) -- is proven wrong by Congress' explicit statements regarding the reasons for the provision's enactment, and should be rejected.

### 4. The Rule Of Lenity Mandates That Any Ambiguity Be Resolved In Defendants' Favor

If any doubt remains about whether Section 1512(c) reaches the conduct alleged in Counts Two through Five of the Indictment, the rule of lenity dictates that the ambiguity must be resolved in Defendants' favor.

When "the governing standard is set forth in a criminal statute, it is appropriate to apply the rule of lenity in resolving any ambiguity in the ambit of the statute's coverage."

---

[6] 148 Cong. Rec. S6542 (daily ed. July 10, 2002). Indeed, the relationship between Sections 1512 and 1519 is made explicit in the Attorney General's guidance to federal prosecutors on implementing the criminal provisions of the Sarbanes-Oxley Act, in which he instructs that the two provisions "should be read in conjunction with [each other]." Att'y Gen. Mem. on the Sarbanes-Oxley Act of 2002 (Aug. 1, 2002) (Field Guidance), available at http://www.usdoj.gov/ag/readingroom/sarox1.htm.

Crandon v. United States, 494 U.S. 152, 158 (1990). As the United States Supreme Court has stated:

> We have traditionally exercised restraint in assessing the reach of a federal criminal statute, both out of deference to the prerogatives of Congress, and out of concern that a fair warning should be given to the world in language that the common world will understand, of what the law intends to do if a certain line is passed.

Arthur Andersen LLP v. United States, 544 U.S. 696, 703 (2005) (quoting United States v. Aguilar, 515 U.S. 593, 600 (1995)) (citations and internal quotation marks omitted). Thus, "in the criminal context, [a court's] assessment of the meaning of any particular statute is informed by two policies" which "find expression in the rule of lenity." United States v. West, 393 F.3d 1302, 1312 (D.C. Cir. 2005) (citation and internal quotation marks omitted). The first policy requires that a defendant be given fair warning that his conduct is subject to criminal liability. Id. The second requires that "legislatures, not courts, define criminal activity." Id. The rule of lenity, therefore, "works to protect a citizen from punishment under a statute that gives at best dubious notice that it has criminalized his conduct." Valdes v. United States, 475 F.3d 1319, 1323 (D.C. Cir. 2007). Under this principle, "where text, structure, and history fail to establish that the Government's position is unambiguously correct," courts must "apply the rule of lenity and resolve the ambiguity in [the defendant's] favor." United States v. Granderson, 511 U.S. 39, 54 (1994).

In this case, given the text, structure and legislative history of the statute, it simply cannot be said that the government's interpretation of Section 1512(c)(2) as applicable to the conduct alleged in Counts Two through Five of the Indictment is "unambiguously correct." To the contrary, as the cases discussed above recognize, Section 1512(c)(2) applies only to conduct relating to tampering with documents or other physical evidence. However, to the extent that

- 13 -

any uncertainty remains as to the exact scope of the statute, the Court must resolve that ambiguity in Defendants' favor, and dismiss Counts Two through Five.

### IV.   CONCLUSION

For the foregoing reasons, this Court should dismiss Counts Two through Five of the Indictment for failure to state an offense under 18 U.S.C. §§ 371 and 1512(c)(2).

Respectfully submitted,

_____
Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
(202) 429-3000

Counsel for Erick R. Brown


David Schertler
Danny Onorato
Schertler & Onorato, L.L.P.
601 Pennsylvania Avenue, N.W.
North Building - 9th Floor
Washington, D.C.  20004-2601
(202) 628-4199

Counsel for Milagros L. Morales

Dated:  April 11, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Crim. No. 1:07-cr-00075-CKK |
| | ) | |
| ERICK R. BROWN, and | ) | |
| MILAGROS L. MORALES, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Upon consideration of Defendants' Motion To Dismiss Counts Two Through Five For Failure To State An Offense Under 18 U.S.C. §§ 371 and 1512(c) (Defendants' Pretrial Motion No. 2), the Government's Opposition, and Defendants' Reply thereto, it is HEREBY ORDERED that Defendants' motion is GRANTED, and Counts Two, Three, Four and Five are DISMISSED.

                                                                       _____
                                                                       Colleen Kollar-Kotelly
                                                                       UNITED STATES DISTRICT JUDGE

copies to:

William F. Gould
Assistant United States Attorney
225 West Main Street
Charlottesville, VA  22902

Reid H. Weingarten
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795

David Schertler
Schertler & Onorato, L.L.P.
601 Pennsylvania Avenue, N.W.
North Building - 9th Floor
Washington, D.C.  20004-2601