UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Crim. No. 1:07-cr-00075-CKK |
| ERICK R. BROWN, and<br>MILAGROS L. MORALES, | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' MOTION TO DISMISS COUNTS TWO THROUGH FIVE
OF THE INDICTMENT FOR FAILURE TO ALLEGE AN ESSENTIAL ELEMENT
<u>(Defendants' Pretrial Motion No. 3)</u>**

Defendants Erick R. Brown and Milagros L. Morales, through counsel, hereby move this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B), to dismiss Counts Two, Three, Four, and Five of the Indictment, because those charges fail to allege any overt acts in furtherance of the alleged conspiracies, an essential element required by 18 U.S.C. § 371.

Defendants respectfully request oral argument on this motion. A proposed Order is attached.

Respectfully submitted,

_____
Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
(202) 429-3000

Counsel for Erick R. Brown

- 2 -

                                           David Schertler
                                           Danny Onorato
                                           Schertler & Onorato, L.L.P.
                                           601 Pennsylvania Avenue, N.W.
                                           North Building - 9th Floor
                                           Washington, D.C.  20004-2601
                                           (202) 628-4199

                                           Counsel for Milagros L. Morales

Dated:  April  11, 2007

- 2 -

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.                                             )   Crim. No. 1:07-cr-00075-CKK<br>)<br>ERICK R. BROWN, and                )<br>MILAGROS L. MORALES,           )<br>)<br>            Defendants.                  )<br>_____) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS COUNTS TWO THROUGH FIVE OF THE
INDICTMENT FOR FAILURE TO ALLEGE AN ESSENTIAL ELEMENT
(Defendants' Pretrial Motion No. 3)**

**I.   INTRODUCTION**

The Court should dismiss Counts Two, Three, Four, and Five of the Indictment, alleging separate conspiracies to obstruct justice, because each Count fails to allege any overt act in furtherance of the charged conspiracy, an essential element under 18 U.S.C. § 371. The Indictment charges Defendants Erick R. Brown and Milagros L. Morales ("Defendants") with four separate conspiracies based on allegations that Defendants caused three witnesses to make false statements to an Assistant United States Attorney in the U.S. Attorney's Office for the District of Columbia (the "AUSA") and themselves provided false information to and withheld exculpatory evidence from the AUSA. Indictment at 8 (¶ 2) (Count Two); id. at 9 (¶ 2) (Count Three); id. at 10 (¶ 2) (Count Four); id. at 11 (¶ 2) (Count Five). The Indictment fails to allege any overt acts in furtherance of any of these charged conspiracies to obstruct justice. Because an overt act is an essential element of any conspiracy to violate 18 U.S.C. § 371, the Court must dismiss Counts Two, Three, Four, and Five for failure to state an offense.

**II.   THE INDICTMENT**

Defendants are detectives with the Metropolitan Police Department of Washington, D.C., in the Violate Crimes Branch's Homicide Unit.  Indictment at 2 (¶ 3).  In February 2005, Defendants investigated the murder of Terrance Brown at Club U ("Club U matter").  Id. at 3 (¶¶ 6, 7).  Counts Two, Three, Four, and Five of the Indictment allege that Defendants entered into four separate conspiracies to obstruct justice relating to this investigation, in violation of 18 U.S.C. §§ 2, 371, and 1512(c)(2).  Counts Two, Three, and Four allege that Defendants conspired to obstruct justice by attempting to cause or causing three witnesses to alter their testimony and give untruthful testimony about the Club U matter.  Indictment at 8 (¶ 2) (Count Two, Witness A); id. at 9 (¶ 2) (Count Three, Witness B); id. at 10 (¶ 2) (Count Four, Witness C).  Count Five alleges that Defendants provided "false information" to the assigned AUSA in order to obtain "an arrest warrant for Jerome Jones for murder one while armed," and "failed to provide exculpatory evidence to the AUSA about the ongoing Club U investigation."  Id. at 11 (¶ 2) (Count Five).  However, Counts Two, Three, Four, and Five all fail to charge any overt acts in furtherance of the alleged conspiracies.  Nor are any overt acts alleged in the fifteen-paragraph Introduction, which is incorporated by reference in each count.  See id. at 1-7 (¶¶ 1-15).

**III.   ARGUMENT**

It is well established that an indictment "must set forth each element of the crime that it charges."  Almendarez-Torres v. United States, 523 U.S. 224, 228 (1998); see also Hamling v. United States, 418 U.S. 87, 117 (1974).  On its face, the conspiracy statute requires one of the conspirators to engage in "any act to effect the object of the conspiracy. . . ."  18

- 2 -

U.S.C. § 371.[1]  It is settled law that Section 371 requires as an essential element that "at least one overt act was committed in furtherance of the conspiracy."  United States v. Gatling, 96 F.3d 1511, 1518 (D.C. Cir. 1996); see also Grunewald v. United States, 353 U.S. 391, 396-97 (1957).  The overt act is a "manifestation that the conspiracy is at work."  United States v. Offutt, 127 F.2d 336, 340 (D.C. Cir. 1942); see also Pinkerton v. United States, 328 U.S. 640, 647 (1946) (stating that an overt act is an "essential ingredient" of a conspiracy).  "'[T]he scope of the conspiratorial agreement . . . determines . . . whether the act relied on as an overt act may properly be regarded as in furtherance of the conspiracy.'"  United States v. Hitt, 249 F.3d 1010, 1015 (D.C. Cir. 2001) (citation omitted) (internal quotation marks omitted); see also United States v. Bayer, 331 U.S. 532, 542 (1947).

      Counts Two, Three, Four, and Five do not allege any overt acts.  Nor does the fifteen-paragraph Introduction to the Indictment allege an overt act.  See id. at 1-7 (¶¶ 1-15); id. at 8 (¶ 1) (Count Two); id. at 9 (¶ 1) (Count Three); id. at 10 (¶ 1) (Count Four); id. at 11 (¶ 1) (Count Five).  Where, as here, the Indictment "does not charge all the elements of the offense," a motion to dismiss is "well taken."  United States v. Pickett, 353 F.3d 62, 68 (D.C. Cir. 2004).

---

[1] Section 371 states in relevant part, "[i]f two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both. . . ."  Id.

## IV.    CONCLUSION

For the foregoing reasons, this Court should dismiss Counts Two, Three, Four, and Five of the Indictment for failure to allege an element of the charged offenses.

Respectfully submitted,

_____
Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795

Counsel for Erick R. Brown


David Schertler
Danny Onorato
Schertler & Onorato, L.L.P.
601 Pennsylvania Avenue, N.W.
North Building - 9th Floor
Washington, D.C.  20004-2601
(202) 628-4199

Counsel for Milagros L. Morales

Dated:  April 11, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) | |
| v. | ) ) | Crim. No. 1:07-cr-00075-CKK |
| **ERICK R. BROWN, and** **MILAGROS L. MORALES,** | ) ) ) ) | |
| **Defendants.** | ) ) | |

## ORDER

Upon consideration of Defendants' Motion To Dismiss Counts Two Through Five Of The Indictment For Failure To Allege An Essential Element (Defendants' Pretrial Motion No. 3), the Government's Opposition, and Defendants' Reply thereto, it is HEREBY ORDERED that Defendants' motion is GRANTED, and Counts Two, Three, Four, and Five are DISMISSED.

                                                                                    _____
                                                                                    Colleen Kollar-Kotelly
                                                                                    UNITED STATES DISTRICT JUDGE

copies to:

William F. Gould
Assistant United States Attorney
225 West Main Street
Charlottesville, VA  22902

Reid H. Weingarten
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795

David Schertler
Schertler & Onorato, L.L.P.
601 Pennsylvania Avenue, N.W.
North Building - 9th Floor
Washington, D.C.  20004-2601