UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Crim. No. 1:07-cr-00075-CKK |
| ERICK R. BROWN, and<br>MILAGROS L. MORALES, | ) ) ) ) | |
| Defendants. | ) ) | |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS COUNTS TWO THROUGH FIVE FOR FAILURE TO ALLEGE
COGNIZABLE CONSPIRACIES TO VIOLATE 18 U.S.C. § 1512(c)(2)
(Defendants' Pretrial Motion No. 4)**

## I.     INTRODUCTION

The Court should dismiss Counts Two, Three, Four and Five of the Indictment for failure to allege cognizable conspiracies to violate 18 U.S.C. § 1512(c)(2). The criminal investigation into a local District of Columbia murder that Defendants allegedly conspired to obstruct does not constitute an "official proceeding" for purposes of Section 1512(c)(2). The government's claim that a D.C. Superior Court grand jury is a "federal" grand jury should be rejected. Similarly, there is no merit whatsoever to the government's claim that the "official proceeding" influenced by Defendant's allegedly obstructive conduct is this criminal case.

## II.     DISCUSSION

### A.     D.C. Superior Court Proceedings Are Not Automatically Federal In Nature

Section 1512(c)(2) prohibits efforts to obstruct, influence or impede "any official proceeding," defined in relevant part as "a proceeding before . . . a Federal grand jury." 18

U.S.C. § 1515(a)(1)(A). In this case, Defendants allegedly obstructed a local District of Columbia murder investigation that led to a D.C. Superior Court grand jury proceeding. A D.C. Superior Court grand jury investigating a local murder, however, is not a federal grand jury within the definition of an "official proceeding," as required by 18 U.S.C. §§ 1512(c)(2) and 1515(a)(1)(A). The government fails to address the situation in this case where an investigation and possible D.C. Superior Court grand jury indictment involves only a local, non-federal crime. In the absence of any federal component, the investigation and possible Superior Court grand jury indictment are not an "official proceeding."

The District of Columbia occupies a unique jurisdictional position. Although the federal government has greater authority within the District of Columbia than in the states, this connection does not render all entities within the District of Columbia federal in nature even where they are constituted or operate within federal parameters. For example, the government erroneously suggests that since Superior Court judges are appointed by the President and confirmed by the United States Senate, Superior Court proceedings constitute "official proceedings" because section 1515(a)(1)(A) defines the term to include "a proceeding before a judge or court of the United States . . . ." United States's Omnibus Response To Defendants' Joint Pretrial Motions at 25-26 ("Opp'n"). This Court, however, has held that "the D.C. Superior Court is clearly not within this definition" of an "official proceeding." Allen, 729 F. Supp. 120, 121 (citations omitted). The D.C. Superior Courts are constituted under federal law and occupy a unique jurisdictional position, yet they are not "official proceedings" for purposes of the obstruction statute.

Undeterred by this Court's clear statement that the unique nature of D.C. Superior Court entities does not automatically render them federal in nature, the government suggests a

Superior Court grand jury must "certainly be" a federal grand jury because Superior Court grand juries are empannelled pursuant to laws passed by Congress and can return federal indictments. Opp'n at 26. The government is mistaken again. The courts recognize that whether a Superior Court grand jury is a "federal grand jury" within the meaning of section 1515(a)(1) is a "difficult question" that has not yet been answered. United States v. Allen, 729 F. Supp. 120, 122 (D.D.C. 1989); United States v. Smith, 729 F. Supp. 1380, 1385 n.9 (D.D.C. 1990).

The government misinterprets United States v. Allen to suggest that the possibility of a Superior Court grand jury proceeding is sufficient to suggest that an "official proceeding" would occur. Opp'n at 26-27. In Allen, the investigation and Superior Court grand jury proceeding that was expected to occur revolved around a federal charge. "The testimony that defendant was allegedly trying to prevent or influence relates to a *federal charge*, possession of an unregistered firearm" in violation of a federal statute. United States v. Allen, 729 F. Supp. 120, 122 (emphasis added). The defendant was ultimately indicted and prosecuted in the United States District Court for his violation of the federal weapons charge. Id. Absent this federal connection, the possible Superior Court grand jury proceeding would not have constituted an "official proceeding."

In this case, however, the Superior Court grand jury was considering the investigation into, and possible indictment of, individuals involved in a murder within the District of Columbia -- a crime with no interstate or federal component. Defendants had drafted an arrest warrant charging "murder one while armed" in violation of local District of Columbia criminal law. Unlike Allen, there is no federal connection in this case that makes the Superior Court grand jury proceedings federal in nature or an "official proceeding" for purposes of 18 U.S.C. §§ 1512(c)(2) and 1515(a)(1)(A).

The government's admission that the Superior Court grand jury began to investigate Defendants' conduct in the course of the investigation into the underlying murder highlights the lack of the necessary federal connection for these actions to constitute an "official proceeding." The government concedes that "a good deal of the most critical Grand Jury work relevant to this case was conducted in conjunction with the investigation" of the local murder. Opp'n at 27. This underscores that the grand jury was asked to consider a local crime and the events that surrounded that crime rather than any federal charges. A federal obstruction of justice charge is improper under these circumstances.

Where an individual is accused of obstruction of justice during the course of a District of Columbia investigation into a local murder, the defendant may be indicted for violation of the District of Columbia obstruction of justice statute, D.C. Code Ann. § 22-722 (2001). In Crutchfield v. United States, the defendant murdered a witness to a prior D.C. triple-murder during the course of the District of Columbia's investigation into that initial triple-murder. 779 A.2d 307 (D.C. 2001). The defendant was properly indicted under D.C. Code § 22-722 for obstruction of justice in connection with the investigation into and grand jury considering of the local, non-federal crime. Id. The defendant was not, and could not properly have been, indicted for obstruction of justice under 18 U.S.C. § 1512(c)(2) due to the lack of a federal "official proceeding."

### B. The Government's Alternate Reading Of The Statute Would Render It Meaningless

In the alternative, the government asserts that the current prosecution for federal obstruction of justice qualifies as the "official proceeding" required under 18 U.S.C. §§ 1512(c)(2) and 1515(a)(1)(A). In other words, the government contends that Defendants can be prosecuted, based on their conduct in February 2005, for attempting to obstruct their own

prosecution for obstruction of justice in 2007.  This circular construction of the statute would widen its scope beyond any sensible construction and render the "official proceeding" requirement of the statute meaningless.  Under the government's construction, obstruction in any case, including "a garden variety state investigation," would fall within this statute.  Opp'n at 28.  According to the government's interpretation, any obstruction -- no matter how purely local in nature -- could always be prosecuted as a federal crime under 18 U.S.C. § 1512(c) because the federal prosecution alone could serve as the relevant "official proceeding."  The government cites no authority for this proposition because none exists.

**III.   CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court dismiss Counts Two, Three, Four and Five of the Indictment for failure to allege cognizable conspiracies to violate 18 U.S.C. § 1512(c)(2).

Respectfully submitted,

_____
Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
 (202) 429-3000

Counsel for Erick R. Brown

>David Schertler
>Daniel Onorato
>Schertler & Onorato, L.L.P.
>601 Pennsylvania Avenue, N.W.
>North Building - 9th Floor
>Washington, D.C. 20004-2601
>(202) 628-4199
>
>Counsel for Milagros L. Morales

Dated: May 23, 2007

- 6 -