**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CRIMINAL NUMBER:** |
| | : | **1:2007-cr-00075-CKK** |
| | : | |
| | : | |
| | : | **The Honorable Colleen** |
| **v.** | : | **Kollar-Kotelly** |
| | : | |
| **ERICK R. BROWN, and** | : | **Trial dates: August 20 through** |
| **MILAGROS L. MORALES,** | : | **31, 2007.** |
| | : | |
| **Defendants.** | : | |
| | : | |

**UNITED STATES'S STATUS REPORT**

As the undersigned will be traveling for the remainder of this week and the Court has a status hearing set for Tuesday, June 26, 2007, at 1:30 pm, what follows is a brief summary of the government's current understanding of the status of the above-captioned matter. There is no cellular telephone coverage where I will be this week; nevertheless, Ms. Angie Taylor, who can be reached at our Charlottesville number, 434 293-4283, can always get in touch with me promptly if the Court or counsel should need to speak with me.

I. Discovery

Since the government's last substantive filing, the omnibus response to defendants' motions, the government has provided one addition batch of discovery materials to counsel. Among other things, this included certain phone records and defendants' personnel files, which defendants had requested in writing and at a prior hearing. In addition, Mr. Heberlig

set up a conference call for counsel on June 8, 2007, at 2:30 pm. All counsel participated in this call, during which I answered questions from counsel regarding discovery as well as the government's anticipated case in chief for the trial in this matter. A few representations from this call may be helpful to the Court, although this writing does not attempt to capture all topics discussed. I provided counsel with a tentative witness list for the government's case in chief. This list was supplemented with two additional names by electronic mail on June 13, 2007, sent to Mr. Weingarten, Mr. Heberlig, Mr. Schertler, and Mr. Onorato. In addition, I confirmed the prior representation that the government plans to offer no evidence that would call for notice under Federal Rule of Evidence 404(b). Despite this, I did indicate that it is the government's view that cross examination of some potential defense witnesses with such evidence may be appropriate if the defense goes into certain areas of testimony. Obviously, this would only occur with leave of the Court after hearing and argument.

II. Outstanding Defense Requests

By my count, counsel have three outstanding assignments for the government at this point. First, they have requested the electronic mail traffic authored by three of the government's potential trial witnesses. I have learned since the conference call referenced above that production of these documents may be more likely than I had expected. Such documents, if they exist, would be from February 2005, and initial indications were that these were not retained. I have recently learned that given other unrelated discovery and retention issues, that the Executive Office for U.S. Attorneys may have these messages if they were written by these witnesses. I am in the process of determining if I can get these messages,

and if I can, will turn them over as soon as I have them.

By letter dated June 12, 2007, Mr. Schertler and Mr. Onorato requested certain manuals that address the topic of interviewing techniques used by MPD or the U.S. Attorney's Office. Specifically, counsel referenced two manuals. I will determine if these exist, and if so, will turn them over to all counsel, unless there is an objection from counsel for MPD. If there is such an objection, I will alert the Court and counsel in this impediment as soon as I learn of it.

Lastly, I suggested at a recent hearing that I would provide all counsel by letter a list of incidents that I believe could be made relevant in cross examining Erick Brown should he testify regarding his view of his general reputation as an MPD detective. This information may also be relevant if other witnesses so testify regarding general character or reputation. I continue to investigate these matters and will provide this summary to all counsel as soon as I have it drafted.

III.  Plea Discussions

At an early hearing, the Court indicated that it was its practice to have the parties put the final plea offer on the record prior to any trial. There have been no plea negotiations in this matter since the Indictment was returned. It is my understanding from discussions with counsel that this matter will be tried, therefore I have not drafted a plea offer or requested authority to extend one. Should any counsel wish me to put a plea offer in writing I will do so.

IV.  Trial Matters

As I indicated to counsel during our recent conference call, I expect the government's case to include fewer than fifteen witnesses. I can anticipate no particularly complicated or unusual evidentiary issues that will occur during trial. With agreement of the Court, I plan to pre-mark all of the government's exhibits and present them to the jury using the Sanction II.8 system. If this is agreeable, I will have a master copy of all marked exhibits for the Court with a copy for the Court's courtroom clerk, law clerk, court reporter, and counsel. I will provide counsel with their copies prior to the commencement of trial. Such exhibits have already been turned over to counsel in the discovery provided, but this trial exhibit list will include only those documents, pictures, et cetera, that I expect to offer during trial or that are likely to be used during any potential government cross-examination. In addition, the government will likely be offering excerpts of the taped statements made by Witness A and Witness B immediately after Terrance Brown's murder. These, again with the Court's permission, will be presented with a transcript that will accompany the tapes. The transcripts will be synchronized to the video taped images by the ATPM program and shown to the jury on the Court's jury screens. These transcripts have been provided to counsel.

Although this is difficult to predict in any trial, I expect the government's case to take approximately three days.

WHEREFORE, the government offers this report regarding the current status of this matter.

    Respectfully submitted,

    JOHN L. BROWNLEE
    United States Attorney


    s/ William F. Gould_____
    William F. Gould
    Assistant United States Attorney
    District of Columbia Bar # 428468
    Virginia State Bar # 67002

## C E R T I F I C A T E

I certify that a true and correct copy of this government motion to inquire into the attorney status in this case has been filed through the Court's electronic filing system, which will send a copy to counsel for both defendants, David Schertler and Danny Onorato of Schertler & Onorato, L.L.P., for Milagros Morales, and Reid Weingarten and Brian Heberlig of Steptoe & Johnson, L.L.P., for Erick Brown, on this 18th day of June, 2007.

                                                        s/ William F. Gould_____
                                                        William F. Gould
                                                        Assistant United States Attorney