UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NUMBER: |
| | : | 1:2007-cr-00075-CKK |
| | : | |
| | : | The Honorable Colleen |
| v. | : | Kollar-Kotelly |
| | : | |
| ERICK R. BROWN, and | : | Trial dates: August 20 through |
| MILAGROS L. MORALES, | : | 31, 2007. |
| | : | |
| Defendants. | : | |
| | : | |

**UNITED STATES'S RESPONSE TO DEFENDANTS'
UNSEALED MOTIONS IN LIMINE**

Defendants in this matter have filed three motions in limine. One is sealed, and the government is filing a separate response to that motion. As noted in that sealed government response, it has been sent to the Court and all parties by telecopy today, July 30, 2007, and will be filed officially on July 31, 2007. The second defense motion requests that the Court prevent the government from asking the "assigned AUSA" from the Superseding Indictment what the witness does for work. The third asks to admit two legal documents that were submitted by the government in the related prosecution of United States v. Jerome Jones, 2005FEL6847. The government herein opposes defendants' motion regarding the assigned AUSA's employment and respectfully asks that the Court deny that motion.

I.	The Government Should be Allowed to ask its Witnesses About Their Employment.

Defendants have moved the Court to prevent the government from asking one of its witnesses, the "assigned AUSA" whose conduct is set forth in the Superseding Indictment, about that witness's employment. The government assumes that this request is made pursuant to Rule 403 of the Federal Rules of Evidence. As noted in a companion response sent by telecopy to the Court and counsel today, Rules 401 and 403 are rules of inclusion. They are written and implemented with a strong bias toward the admission of evidence. To invoke the draconian sanction of excluding evidence, the Court must find that the "danger of unfair prejudice" "substantially outweigh[s]" the probative value of the evidence. Defendants here fail both aspects of this stringent test.

There is no unfair prejudice that comes from the assigned AUSA testifying that the witness is a judge. It is a truthful statement, and it is a position that the assigned AUSA achieved through an impressive career. Any credibility accorded to the witness because of this position is earned and appropriate. The witness was appointed by the President and confirmed by the Senate. There is nothing misleading or in any way unfairly prejudicial about the witness's employment. Any prejudice that does exist is not "unfair" as the rule requires.

Even if the Court disagrees with this and finds that there is some unfair prejudice, it certainly does not substantially outweigh the probative value of this witness's employment. The witness's position on the local bench is a significant factor that is necessary in evaluating the witness's credibility. The witness holds a prestigious position of public trust. This fact

about the witness is remarkably probative, if not essential to the jury's fair evaluation of the evidence in this case.

Lastly, the government spent some time looking for any case where a party was prevented from asking rote background questions such as "where do you work," and it found none in any jurisdiction. The likely reason for this is that it would be unfair, and in some ways not truthful, for the party to leave the witness unemployed as far as the record is concerned when in fact the witness has a job; in this case a rather impressive job. It would be unfair and misleading to allow the jury to evaluate the assigned AUSA without knowing how the witness is currently employed.

Our system strongly presumes that juries are able to follow the Court's instructions. In this case, the credibility instruction will give the jury the tools that it needs to evaluate this witness as well as all others who testify during the trial.

II.     Statement of a Party Opponent Motion.

Defendants have asked the Court to allow admission of two documents filed by Glenn Kirschner, Thomas DiBiase, and Lynn Haaland in the Jerome Jones litigation. The government does not object to the admission of these two pleadings in this matter.

WHEREFORE, the United States respectfully requests that the Court deny defendants' motion in limine related to the assigned AUSA. The government has no objection to admission of the two pleadings filed by the United States in United States v. Jerome Jones, 2005FEL6847.

        Respectfully submitted,

        JOHN L. BROWNLEE
        United States Attorney


        s/ William F. Gould
        William F. Gould
        Assistant United States Attorney
        District of Columbia Bar # 428468
        Virginia State Bar # 67002

## C E R T I F I C A T E

I certify that a true and correct copy of this government response to defendants' motions in limine has been filed through the Court's electronic filing system, which will send a copy to counsel for both defendants, David Schertler and Danny Onorato of Schertler & Onorato, L.L.P., for Milagros Morales, and Reid Weingarten and Brian Heberlig of Steptoe & Johnson, L.L.P., for Erick Brown, on this 30th day of July, 2007.

    s/ William F. Gould
    William F. Gould
    Assistant United States Attorney