**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Criminal Case No. 07-075** |
| | ) | |
| **ERICK R. BROWN,** and | ) | **Judge Colleen Kollar-Kotelly** |
| **MILAGROS L. MORALES,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**DEFENDANTS' REPLY TO GOVERNMENT'S OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE TO EXCLUDE
TESTIMONY THAT WITNESS ANDERSON IS A SUPERIOR COURT JUDGE**

Defendants, Milagros L. Morales and Erick R. Brown, through undersigned counsel, moved this Court, *in limine*, to exclude any evidence or testimony that one of the Government's key witnesses, The Honorable Jennifer Anderson, is a Superior Court Judge. The Government has opposed the motion, arguing essentially, that because Ms. Anderson is a Judge, "appointed by the President and confirmed by the Senate" she is entitled to more credibility than just an average citizen. The Government's reasoning provides additional support for the Defendants' request in this regard. The Government is hoping that the jury will accord the testimony of Ms. Anderson greater weight merely because she is a Judge. That argument flies in the face of our well-established jurisprudential principles. In fact, with respect to a police officer, a prosecutor may not argue that a police officer's testimony is entitled to greater credence simply because he is a police officer. *Jones v. United States*, 579 A.2d 250, 254 (D.C. 1990); *Hinkel v. United States*, 544 A.2d 283, 285-86 (D.C. 1988). Clearly, the same would be true of a judge.

The Court gives any number of instructions that are designed to make sure that a fact-finder does not give more weight or credibility to a witness merely because the witness holds a

certain position or status in society. The most common example is the instruction given with respect to law enforcement witnesses. Criminal Jury Instructions for the District of Columbia, No. 2.26, p. 95, 5th ed. Rev. 2005 ("The Redbook"). In the vast majority of cases, a law enforcement officer must testify as to their employment because it is directly relevant to the witness's role in the case. That is not true here. Ms. Anderson's status as a Judge of the Superior Court has no relevance or bearing on the issues in this case. The D.C. Circuit, in *United States v. Tilghman*, 134 F.3d 414, 416 (D.C. Cir. 1998), expressly recognized a Judge's particular influence over juries:

> Because juries, not judges, decide whether witnesses are telling the truth, and ***because judges wield enormous influence over juries***, judges may not ask questions that signal their belief or disbelief of witnesses.

(Emphasis added.) While Tilghman addressed a different issue, namely, the propriety of the presiding trial judge expressing some opinion as to the credibility of a witness, the Court correctly recognized the impact that Judges, whether as the presiding judge in the case or as a witness, would have on fact-finders.

In this case, the fact that Ms. Anderson became a Superior Court judge after the incidents alleged in the indictment took place has absolutely no relevance to the issues at trial. Moreover, because of the way that layperson may view a judge and be influenced by the mere fact that the judge is a witness hostile to the defendants, creates substantial unfair and unnecessary prejudice to the Defendants. For these reasons, the Court should preclude the Government from making any reference to the fact that Ms. Anderson subsequently became a Judge. Such a ruling results in no prejudice to the Government.

Respectfully submitted,


MILAGROS L. MORALES

By her attorneys,


_____/s/_____

David Schertler
Danny Onorato
SCHERTLER & ONORATO, LLP
601 Pennsylvania Avenue, N.W.
Suite 900 – NORTH Building
Washington, D.C.  20004
Telephone:  (202) 628-4199
Facsimile:   (202) 628-4177


ERICK R. BROWN

By his attorneys,


_____/s/_____

Brian M. Heberlig
Reid H. Weingarten, Esq.
Robert A. Ayers, Esq.
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, NW
Washington, DC  20036
Telephone:  (202) 429-8134
Facsimile:   (202) 429-3902


Dated: August 1, 2007

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion was delivered by email service list and first class mail, pre-paid, this 1st day of August 2007 to:

William F. Gould, Esq.
Assistant United States Attorney
Western District of Virginia
225 West Main Street
Charlottesville, VA  22902

_____/s/_____
David Schertler

4