UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Crim. No. 1:07-cr-00075-CKK |
| ERICK R. BROWN, and MILAGROS L. MORALES, | ) ) ) ) | |
| Defendants. | ) ) | |

### DEFENDANTS' MOTION TO ELECT BETWEEN COUNTS THREE THROUGH SIX OF THE SUPERSEDING INDICTMENT AND DISMISS THE REMAINING COUNTS FOR UNCONSTITUTIONAL MULTIPLICITY

Defendants Erick R. Brown and Milagros L. Morales ("Defendants"), through counsel, hereby move this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B), to require the government to elect between Counts Three, Four, Five and Six of the Superseding Indictment, thereby dismissing three of those counts, because those counts are multiplicitous, in violation of the Double Jeopardy Clause.[1]

---

[1] Pursuant to the Court's Order issued on August 1, 2007, Defendants respectfully submit this motion in supplementation of Defendants' Motion to Dismiss Counts Six and Nine of the Superseding Indictment for Unconstitutional Multiplicity. Defendants continue to seek dismissal of Count Nine for the reasons stated in that Motion.

- 2 -

Defendants respectfully request oral argument on this motion. A proposed Order is attached.

Respectfully submitted,

/s/ Reid H. Weingarten
_____
Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig (D.C. Bar #455381)
Robert A. Ayers (D.C. Bar #488284)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
(202) 429-3000

Counsel for Erick R. Brown


David Schertler
Danny Onorato
Schertler & Onorato, LLP
601 Pennsylvania Avenue, N.W.
North Building - 9th Floor
Washington, D.C. 20004-2601

Counsel for Milagros L. Morales

Dated: August 3, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Crim. No. 1:07-cr-00075-CKK |
| ) | |
| ERICK R. BROWN, and ) | |
| MILAGROS L. MORALES, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO ELECT BETWEEN COUNTS THREE THROUGH
SIX OF THE SUPERSEDING INDICTMENT AND DISMISS THE
REMAINING COUNTS FOR UNCONSTITUTIONAL MULTIPLICITY

The Court should require the government to elect between Counts Three, Four, Five and Six of the Superseding Indictment, and dismiss the remaining Counts, because those Counts are multiplicitous, in violation of the Double Jeopardy Clause. Counts Three through Five allege that Defendants obstructed justice by causing Witnesses A (Count Three), B (Count Four) and C (Count Five) to alter their testimony to provide untruthful information to an Assistant United States Attorney ("AUSA") during the investigation into the murder of Terrance Brown. Count Six alleges that Defendants obstructed justice during that same investigation by failing to disclose that they had caused the witnesses to provide allegedly false statements and by arguing that the assigned AUSA should approve the arrest warrant of Jerome Jones based upon those allegedly false statements. Under the obstruction of justice statute charged in Counts Three through Six, however, the relevant "unit of prosecution" for purposes of multiplicity analysis is the "official proceeding" -- the investigation into the murder of Terrance Brown. As such, because Counts Three through Six all allege obstruction of the same official proceeding

during the same time period, these Counts charge the same offense and are multiplicitous. Accordingly, the Court should require the government to elect between Counts Three, Four, Five and Six of the Superseding Indictment, and dismiss the other three Counts.

**I.    THE SUPERSEDING INDICTMENT**

The Superseding Indictment[2] charges Defendants with five new Counts. Counts Three through Five charge Defendants with separate obstruction of justice charges, in violation of D.C. Code §§ 22-722(a)(6) and 22-1805, based on allegedly causing Witnesses A (Count Three), B (Count Four), and C (Count Five) to provide untruthful information about the Club U matter to the assigned AUSA during the investigation into the murder of Terrance Brown. Superseding Indictment at 10-12. Count Six alleges an additional obstruction of justice charge, again in violation of D.C. Code §§ 22-722(a)(6) and 22-1805, based on the allegations that (1) Defendants failed to tell anyone at the U.S. Attorneys' Office or the Metropolitan Police Department that they had caused Witnesses A, B and C to make the allegedly false statements charged as separate crimes in Counts Three through Five, and (2) argued that the assigned AUSA should approve the arrest warrant of Jerome Jones based on the allegedly false statements that Defendants caused Witnesses A, B and C to make that are charged as separate crimes in Counts Three through Five. Id. at 13.

**II.    ARGUMENT**

Counts Three through Six of the Superseding Indictment, which charge Defendants with four separate counts of obstruction of justice relating to a single official

---

[2] In a Memorandum Opinion issued on July 9, 2007, the Court dismissed four of the eight counts in the original Indictment. On July 19, 2007, Defendants were served with a nine-count Superseding Indictment.

proceeding, violate the Double Jeopardy Clause and severely undermine Defendants' constitutional right to a fair trial. An indictment is multiplicitous, and thus defective, "if a single offense is alleged in a number of counts. . . ." United States v. Harris, 959 F.2d 246, 250 (D.C. Cir.) (per curiam), cert. denied, 506 U.S. 932 (1992). A multiplicitous indictment violates the Double Jeopardy Clause by allowing multiple sentences to be imposed for a single offense, thereby "unfairly increasing a defendant's exposure to criminal sanctions." Id. at 250. Furthermore, such a defective indictment may substantially prejudice the defendant by "'falsely suggest[ing] to a jury that a defendant has committed not one but several crimes.'" United States v. Clarridge, 811 F. Supp. 697, 702 (D.D.C. 1992) (citation omitted) ("Once such a message is conveyed to the jury, the risk increases that the jury will be diverted from a careful analysis of the conduct at issue.").

   Where multiple violations of the same statutory provision are charged, the test to be applied to determine whether only a single offense is involved -- thereby rendering the indictment multiplicitous -- is "what act the legislature intended as the 'unit of prosecution' under the statute." United States v. Weathers, No. 06-3022, 2007 WL 2033216, at *5 (D.C. Cir. July 17, 2007) (citations omitted).[3] In Weathers, the D.C. Circuit suggested, but did not decide, that the relevant "unit of prosecution" for the obstruction statute at issue here, D.C. Code 22-722(a)(6), is the "official proceeding" allegedly obstructed. Id. at **5-6.[4] Application of that test in this case demonstrates that Counts Three through Six are unconstitutionally multiplicitous.

---

[3] In Defendants' original motion, Defendants mistakenly contended that the Blockburger test applied. That test applies to determine whether counts charging separate statutory offenses are multiplicitous.

[4] The D.C. Circuit did not need to decide that question because Weathers arose in the context of a post-conviction ineffective assistance of counsel claim, and the issue was whether the defendant's counsel provided ineffective assistance by not challenging the obstruction counts on multiplicity grounds. Id. at *5. The court concluded that defense counsel did not provide

Counts Three through Six charge Defendants with violating D.C. Code § 22-722(a)(6), which provides that a person commits the offense of obstruction of justice if that person "[c]orruptly, or by threats of force, any way obstructs or impedes or endeavors to obstruct or impede the due administration of justice in any official proceeding." Under the plain language of the statute, the relevant "unit of prosecution" intended by the legislature is the "official proceeding."[5] Because Counts Three through Six each identify the same "official proceeding" -- "the investigation into the murder of Terrance Brown," Superseding Indictment at 10-13 -- those Counts charge but a single offense. Therefore, Counts Three through Six of the Superseding Indictment are multiplicitous, and three of those four counts must be dismissed.

Defense counsel has conferred with the government about the Court's August 1, 2007 Order regarding Weathers. It is defense counsel's understanding that if Defendants seek dismissal of Counts Three through Six based on Weathers, as Defendants do by this Motion, the government intends to seek a second superseding indictment. Government counsel has indicated that such an indictment would charge the conduct at issue in Counts Three through Five as separate violations of D.C. Code 22-722(a)(2) based on each witness involved. The government

---

ineffective assistance of counsel because he made a strategic decision not to challenge the indictment on multiplicity grounds because such a challenge could have led to a worse superseding indictment. Id. at *6. In a prior decision in the same case, the D.C. Circuit also did not need to resolve this issue because it concluded that the defendant had waived any multiplicity challenge to the obstruction counts by not raising the issue before trial. United States v. Weathers, 186 F.3d 948, 953-58 (D.C. Cir. 1999).

[5] Even if the plain language of D.C. Code § 22-722(a)(6) did not evidence a clear legislative intent regarding the relevant "unit of prosecution," however, the rule of lenity "dictates that in cases of ambiguity or doubt as to [legislative] intent, only one offense may be charged." United States v. Coiro, 922 F.2d 1008, 1014 (2d Cir. 1991) (applying the rule of lenity and remanding to the district court to vacate one of two multiplicitous obstruction of investigation convictions) (citing Bell v. United States, 349 U.S. 81, 83 (1955)); see also United States v. Murphy, 326 F.3d 501, 504 (4th Cir. 2003) (applying the rule of lenity to vacate two of three multiplicitous contempt convictions).

- 4 -

- 5 -

has indicated that it may keep Count Six in its current form as a violation of D.C. Code 22-722(a)(6).[6]

In the event that the government returns a second superseding indictment as described, and keeps Count Six in its current form, Defendants would maintain that Count Six must be dismissed as multiplicitous of the new Counts Three through Five, pursuant to the Blockburger test, for the reasons set forth in Defendants' motion to dismiss Counts Six and Nine.

Similarly, Defendants maintain that Count Nine must be dismissed as multiplicitous of Counts Seven and Eight, for the reasons set forth in Defendants' original motion.  Count Nine must be dismissed under either the Blockburger test or the "unit of prosecution" test."  Even if the relevant "unit of prosecution" for purposes of 18 U.S.C. § 1001 multiplicity analysis is the particular false statement at issue, a proposition that is not clear, see United States v. Watt, 911 F. Supp. 538, 550-52 (D.D.C. 1995), the Court should dismiss Count Nine because it is based on Defendants merely repeating the same false statements at issue in Counts Seven and Eight.

---

[6] Assuming that the government limits the modifications in the second superseding indictment as described, Defendants do not intend to seek a continuance of the trial date and will waive any speedy trial or other rights necessary to keep the current trial date.  The government has represented that it also will not seek any continuance.

### III.    CONCLUSION

For the foregoing reasons, the Court should require the government to elect between Counts Three, Four, Five and Six of the Superseding Indictment and dismiss three of those Counts as multiplicitous.

Respectfully submitted,

_____
Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig (D.C. Bar #455381)
Robert A. Ayers (D.C. Bar #488284)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
(202) 429-3000

Counsel for Erick R. Brown


David Schertler
Danny Onorato
Schertler & Onorato, LLP
601 Pennsylvania Avenue, N.W.
North Building - 9th Floor
Washington, D.C.  20004-2601

Counsel for Milagros L. Morales

Dated:  August 3, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | Crim. No. 1:07-cr-00075-CKK |
| | ) | |
| **ERICK R. BROWN, and** | ) | |
| **MILAGROS L. MORALES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

      Upon consideration of Defendants' Motion To Elect Between Counts Three Through Six Of The Superseding Indictment And Dismiss The Remaining Counts For Unconstitutional Multiplicity, the Government's Opposition and Defendants' Reply thereto, it is HEREBY ORDERED that Defendants' motion is GRANTED.  The government shall be required to elect between Counts Three through Six, and three of those counts shall then be DISMISSED.

 

                                                        Colleen Kollar-Kotelly
                                                        UNITED STATES DISTRICT JUDGE

copies to:

William F. Gould
Assistant United States Attorney
U.S. Attorney's Office for the
Western District of Virginia
225 West Main Street
Charlottesville, VA  22902

Reid H. Weingarten
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795

- 2 -

David Schertler
Schertler & Onorato, LLP
601 Pennsylvania Avenue, N.W.
North Building - 9th Floor
Washington, D.C.  20004-2601