**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **Crim. No. 1:07-cr-00075-CKK** |
| | ) | |
| **ERICK R. BROWN, and** | ) | |
| **MILAGROS L. MORALES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
PROPOSED CIVIL RIGHTS JURY INSTRUCTIONS**

**I.    INTRODUCTION**

Pursuant to the Court's instructions, the parties met and conferred regarding proposed jury instructions in an effort to submit joint proposed instructions to the Court on August 6, 2007.  The parties reached agreement on the vast majority of the proposed instructions, with the exception of the instructions for the civil rights conspiracy charged in Count One -- proposed instructions Four and Five.  The parties are unable to agree on the definition of the Fourth Amendment right to be free from unreasonable seizure and what the government must prove beyond a reasonable doubt to satisfy the requirement that Defendants acted with the specific intent to deprive Jerome Jones of that right.

Defendants' proposed civil rights instructions, which are supported by authority from this Circuit, properly instruct the jury that an individual's Fourth Amendment right to be free from unreasonable seizure is not violated when that individual is arrested as long as the facts and circumstances known to the arresting officers at the time give rise to a reasonable belief that probable cause exists to arrest the individual for any criminal offense.  The government contends

that an arrest is not lawful unless probable cause exists for the precise offense for which an

individual is arrested, even if probable cause undeniably exists to justify an arrest for other

criminal offenses.  As set forth below, the single Third Circuit case the government relies on for

its inaccurate definition of the Fourth Amendment right to be free from unreasonable seizure is

inapposite to this case.  Accordingly, the Court should adopt Defendants' proposed civil rights

instructions.


II.    **ARGUMENT**

   A.    **Defendants' Proposed Civil Rights Instructions Properly Define The Fourth
         Amendment Right To Be Free From "Unreasonable Seizure" As The Right
         To Be Free From Arrest When No Probable Cause Exists To Arrest For Any
         Criminal Offense**

         Count One charges Defendants with violating the federal conspiracy against civil

rights statute, which provides in relevant part:

> If two or more persons conspire to injure, oppress, threaten, or
> intimidate any person . . . in the free exercise or enjoyment of any
> right or privilege secured to him by the Constitution or laws of the
> United States, or because of his having so exercised the same . . .
> [t]hey shall be fined under this title or imprisoned not more than
> ten years, or both. . . .

18 U.S.C. § 241.

         "It is settled law that a conviction under this section requires proof that the

offender acted with a 'specific intent' to interfere with the federal rights in question."  United

States v. Ehrlichman, 546 F.2d 910, 918 (D.C. Cir. 1976) ("It is settled law that 'the offender

must act with a specific intent to interfere with the federal rights in question . . . .'") (citations

and quotations omitted)).  In this case, the federal right in question is Jerome Jones' Fourth

Amendment right to be free from unreasonable seizure, i.e., unlawful arrest.  Indictment at 7

(¶ 2).  Thus, to prove Defendants guilty of the charge in Count One, the government must prove

that Defendants conspired with the specific intent to effect or cause the unlawful arrest of Jerome

Jones.

        An arrest is lawful if probable cause exists to arrest the individual for any criminal

offense.  See United States v. Bookhardt, 277 F.3d 558, 564 (D.C. Cir. 2002) ("'an arrest will be

upheld if probable cause exists to support arrest for an offense'") (citation omitted).  "Probable

cause to arrest 'requires the existence of "facts and circumstances within the officer's knowledge

that are sufficient to warrant a prudent person in believing that the suspect has committed, is

committing, or is about to commit an offense."'"  United States v. Wesley, 293 F.3d 541, 545

(D.C. Cir. 2002), amended, 327 F.3d 1198 (D.C. Cir. 1994) (quoting United States v. Dawkins,

17 F.3d 399, 403 (D.C. Cir. 1994) (quoting Michigan v. DeFillippo, 443 U.S. 31, 37 (1979)

(alterations omitted))).  In other words, an arrest is lawful if there is probable cause to justify the

arrest of an individual for any crime, even if no probable cause existed justifying arrest for the

crime charged at the time of arrest.  See United States v. Reid, 89 Fed. Appx. 279, 280 (D.C. Cir.

2004) (arrest for "'disorderly gambling,'" which was not a crime under D.C. law, held lawful

where arresting officers had probable cause to believe defendant's gambling activity could

constitute disorderly conduct).

        The D.C. Circuit has specifically considered the question of whether, "if a police

officer arrests a defendant on a ground that proves invalid, the arrest is nonetheless lawful if the

same officer had probable cause to arrest the defendant for a different offense." Bookhardt, 277

F.3d at 560.  In Bookhardt, the defendant was pulled over for driving erratically and arrested for

driving on a suspended license.  Id.  A search incident to the arrest uncovered firearms in the

defendant's vehicle, and he was subsequently indicted for unlawful possession of a firearm by a

convicted felon.  Id.  Prior to trial, the prosecutor learned that the defendant had been driving on

a suspended license for less than 90 days, which was not a criminal offense, and so informed the

court.  Id. at 561.  The defendant moved to suppress the evidence of the firearms discovered in

his vehicle on the grounds that his arrest was unlawful for lack of probable cause and,

consequently, the search was not conducted incident to a lawful arrest.  Id.

       The D.C. Circuit upheld the search as incident to a lawful arrest, holding that

"even if probable cause does not support arrest for the offense charged by the arresting officer,

an arrest (and search incident thereto) is nonetheless valid if the same officer had probable cause

to arrest the defendant for another offense."  Id. at 565.  In addition, the Court declined to

differentiate between arrests based on conduct that was not a crime and arrests "in which the

charged offense was a crime but the officer lacked probable cause to believe it had been

committed . . . since an arrest in either circumstance is equally invalid and the only question

under our precedents is whether another, valid ground for arrest exists."  Id. at 565 n.9.

       Defendants' proposed civil rights instructions correctly state the law, as follows:

> If probable cause exists to arrest an individual for any offense,
> even an offense other than that for which they are arrested, an
> arrest, or seizure, is not unreasonable and the individual's Fourth
> Amendment right to be free from unreasonable seizure is not
> violated.  In other words, an individual's right to be free from
> unreasonable seizure is violated only if he is arrested when no facts
> and circumstances exist to warrant a prudent person in believing
> that the individual has committed, is committing or is about to
> commit any criminal offense whatsoever.

Defendants' Proposed Instr. 4, ¶ 2.  Similarly, Defendants' proposed instruction Five properly

instructs the jury that "[t]o find that a particular defendant acted with the specific intent to

deprive Jerome Jones of his free exercise and enjoyment of the right to be free from

unreasonable seizure, you must find that the defendant intended to arrest, or cause the arrest of,

Jerome Jones with no probable cause to believe he committed any crime." Defendants'

Proposed Instr. 5, ¶ 2.

### B.     Analogous Section 1983 Decisions Support Defendants' Civil Rights Instructions

The issue as to whether an individual's Fourth Amendment right to be free from

unreasonable seizure has been violated often arises in the context of civil complaints against

officers and municipalities alleging unlawful arrests, in violation of 18 U.S.C. § 1983.[1]  The

standard for determining whether an arrest was lawful, and not an infringement of an

individual's Fourth Amendment right to be free from unreasonable seizure, is the same in the

criminal and civil contexts:  probable cause to arrest the individual must exist.[2]  Olaniyi v. Dist.

---

[1] Section 1983 is the civil analogue of 18 U.S.C. §§ 241 and 242 and provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.

[2] As one court has held:

> There is . . . nothing wrong with looking to a civil case brought under 42 U.S.C. § 1983 for guidance as to the nature of the constitutional right whose alleged violation has been made the basis of a section 242 charge [the substantive deprivation of civil rights statute].  The protections of the Constitution do not change according to the procedural context in which they are enforced - whether the allegation that constitutional rights have been transgressed is raised in a civil action or in a criminal prosecution, they are the same constitutional rights.

of Columbia, 416 F. Supp. 2d 43, 61 (D.D.C. 2006) (In case involving alleged violation of 42

U.S.C. § 1983 for false arrest, the court stated: "A Fourth Amendment claim for false arrest

requires 'a showing that there is no probable cause to support a plaintiff's warrantless arrest and

detention. Probable cause to arrest exists when the facts and circumstances are sufficient to

warrant a prudent person to believe that the individual has committed an offense.'") (citation

omitted); Fernandors v. Dist. of Columbia, 382 F. Supp. 2d 63, 71 (D.D.C. 2005) ("Probable

cause to arrest exists when the facts and circumstances are sufficient to warrant a prudent person

to believe that the individual has committed an offense.") (citations omitted).

        Thus, in the Section 1983 context, a plaintiff must allege that no probable cause

for any offense existed at the time of arrest to successfully state a claim for violation of the

Fourth Amendment right to be free from unreasonable seizure. See, e.g., Kee v. Ahlm, No. 06-

2088, 2007 U.S. App. LEXIS 5100, at **10-14 (10th Cir. Mar. 2, 2007) (District court erred in

failing to grant defendant's motion for judgment as a matter of law on Section 1983 claim for

wrongful arrest because arrest for criminal trespass was supported by probable cause "as a matter

of law" despite plaintiff's claim that he was wrongfully arrested for resisting arrest);

Pourghoraishi v. Flying J, Inc., 449 F.3d 751, 762 (7th Cir. 2006) (plaintiff's Section 1983

claims for wrongful arrests of disorderly conduct and criminal trespass failed because, while no

probable cause to arrest for disorderly conduct existed, probable cause to arrest for trespass

existed and "[t]he actual existence of any probable cause to arrest precludes a Section 1983 suit

for false arrest.") citing Morfin v. City of E. Chicago, 349 F.3d 989, 997 (7th Cir. 2003)).

_____

United States v. Reese, 2 F.3d 870, 884 (9th Cir. 1993) (footnote omitted); see also United States
v. Bigham, 812 F.2d 943, 948 (5th Cir. 1987) (in case involving violations of 18 U.S.C. §§ 241
& 242, the court stated: "Whether a case is brought on the civil or criminal side of the docket,
the actionable conduct is deprivation of rights secured by the Constitution or laws of the United
States. . . . [B]etween the criminal and civil statutes the courts recognize the intent of Congress
to cover the same cases, though providing different remedies.").

For example, in <u>Barna v. City of Perth Amboy</u>, 42 F.3d 809 (3d Cir. 1994), the plaintiff brought a Section 1983 claim against off-duty police officers in which he claimed that, during a family dispute that escalated to the point of drawn weapons and the involvement of local police, the defendants "created the false impression with other law enforcement personnel that he was holding his children hostage in his house and ultimately caused him to be arrested without probable cause in violation of his constitutional rights." 42 F.3d at 819. During the altercation, the plaintiff brandished weapons and pointed them at the defendants before retreating into the house. <u>Id.</u> at 819-20. The court ruled that the plaintiff's conduct gave rise to probable cause to arrest for aggravated assault. Because initiating an arrest under the aggravated assault statute would have been reasonable, the court held that the plaintiff's Section 1983 claim for unlawful arrest failed as a matter of law. <u>See id.</u> ("As long as the officers had some reasonable basis to believe [the plaintiff] had committed a crime, the arrest is justified as being based on probable cause. Probable cause need only exist as to any offense that could be charged under the circumstances.") (<u>citing</u> <u>Edwards v. City of Philadelphia</u>, 860 F.2d 568, 575-76 (3d Cir. 1988)).

In Count One, a key issue for the jury will be to determine whether Detectives Brown and Morales acted with the specific intent to deprive Jerome Jones of his Fourth Amendment right to be free from unreasonable seizure. The existing case law defining that right, both criminal and civil, demonstrates that, in order to convict, the jury must conclude that Defendants lacked probable cause to believe that Jerome Jones had committed any crime during the incident at Club U on February 13, 2005. Defendants' proposed civil rights instructions properly instruct the jury regarding those elements of Count One.

**C.    The Authority Cited By The Government Further Supports Defendants' Proposed Civil Rights Instructions**

In its proposed instructions for the civil rights conspiracy charged in Count One, the government relies solely on a Third Circuit case involving civil claims for malicious prosecution for the definition of the Fourth Amendment right to be free from "unreasonable seizure." <u>See</u> <u>Johnson v. Knorr</u>, 477 F.3d 75 (3rd Cir. 2007). The government contends that <u>Johnson</u> supports the following definition of unreasonable seizure: "An unreasonable seizure of a person under the Fourth Amendment is an arrest made where probable cause does not exist for the crime charged." <u>See</u> Government's Proposed Instr. 4, ¶ 2. However, in <u>Johnson</u>, the court explicitly stated that "[o]ur result is not inconsistent with the principle that, in analyzing false arrest claims, a court to insulate a defendant from liability need find only that 'probable cause . . . exist[ed] as to <u>any</u> offense that could be charged under the circumstances.'" 477 F.3d at 84-85 (emphasis added, alteration in original) (quoting <u>Barna</u>, 42 F.3d at 819). Thus, the only authority the government cites in support of the key distinction between the parties' definitions of the Fourth Amendment right at issue reveals that Defendants' proposed instructions are the correct statement of the law -- <u>i.e.</u>, "if probable cause exists to arrest an individual for any offense, even an offense other than that for which they are arrested, an arrest, or seizure, is not unreasonable and the individual's Fourth Amendment right to be free from unreasonable seizure is not violated." <u>See</u> Defendants' Proposed Instr. 4, ¶ 2.

In <u>Johnson</u>, the plaintiff appealed the district court's dismissal of his Section 1983 claims for malicious prosecution against the city of Philadelphia and police officers based on criminal charges brought against plaintiff. The plaintiff contended that the officers lacked probable cause to arrest him and took steps subsequent to plaintiff's arrest to ensure plaintiff was charged with additional offenses unsupported by probable cause. The district court had

concluded that probable cause existed to arrest the plaintiff for one offense with which he was charged. The Third Circuit noted that it had previously affirmed the lower court's dismissal of the plaintiff's Section 1983 claims based on alleged false arrest in violation of the Fourth Amendment because "to avoid liability a defendant did not need probable cause for each and every charge but rather needed probable cause 'as to any offense that could be charged under the circumstances.'" Johnson, 477 F.3d at 80 (citations omitted). However, in the plaintiff's subsequent appeal of the lower court's dismissal of plaintiff's claims for malicious prosecution, the court reversed, distinguishing the case from Wright v. City of Philadelphia, 409 F.3d 595 (3rd Cir. 2005), which the lower court had relied upon in dismissing plaintiff's claims. Id. at 83-84.

In Wright, the Third Circuit held that "[t]o prevail on [a malicious prosecution] claim, [the plaintiff] must show that the officers lacked probable cause to arrest her." 409 F.3d at 604. The plaintiff in Johnson argued that the holding in Wright should not insulate officers from liability for malicious prosecution in all cases in which they had probable cause to arrest on any charge, and the court agreed. 477 F.3d at 83. However, the court noted a key factual difference between Johnson and Wright:

> [I]n Wright the defendants had probable cause to arrest the plaintiff in the first place, and their involvement apparently ended at the time of the arrest. In this case, however, . . . Johnson's allegations against Knorr extend beyond his arrest and relate to Knorr's statements and conduct in supplying information to [the prosecutor] leading to the initiation of criminal proceedings . . . . Therefore, unlike the conduct of the defendants in Wright, Knorr's involvement in both the arrest and the initiation of criminal proceedings against Johnson was more extensive and lasted beyond the issuing of an affidavit of probable cause for the arrest and the arrest itself.

Id. at 84.  In sum, the court merely held that in circumstances in which an officer goes beyond effecting an arrest and takes actions to promote the prosecution of baseless charges, the defendant is not necessarily insulated from liability.  Id. at 85.  However, the court "[did] not question the rule that there need not have been probable cause supporting charges for every offense for which an officer arrested a plaintiff for the officer to defeat a claim of false arrest." Id.

In this case, the facts are similar to Wright in that Detectives Brown and Morales did not take any actions beyond drafting and arguing in support of an arrest warrant.  Thus, the Johnson court's analysis of civil claims for malicious prosecution does not apply.  In fact, the statements in Johnson, indicating that a defendant is shielded from liability for false arrest claims if "probable cause existed as to any offense that could be charged under the circumstances," 477 F.3d at 85, supports the definition of "unreasonable seizure" in Defendants' civil rights instructions.

## III.    CONCLUSION

For the foregoing reasons, the Court should accept Defendants' proposed instructions Four and Five and reject the government's proposed civil rights instructions.

Respectfully submitted,

_____
Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig (D.C. Bar #455381)
Robert A. Ayers (D.C. Bar #488284)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
(202) 429-3000

Counsel for Erick R. Brown

- 10 -

David Schertler
Danny Onorato
Schertler & Onorato, L.L.P.
601 Pennsylvania Avenue, N.W.
North Building - 9th Floor
Washington, D.C.  20004-2601
(202) 628-4199

Counsel for Milagros L. Morales

Dated:  August 6, 2007