UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NUMBER: |
| | : | 1:2007-cr-00075-CKK |
| | : | |
| | : | |
| | : | The Honorable Colleen |
| v. | : | Kollar-Kotelly |
| | : | |
| ERICK R. BROWN, and | : | |
| MILAGROS L. MORALES, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**UNITED STATES'S OPPOSITION TO DEFENDANTS' THIRD
MULTIPLICITY MOTION**

The United States, by and through its attorney, the United States Attorney for the Western District of Virginia, hereby opposes "Defendants' Motion to Dismiss Counts Six and Nine of the Second Superseding Indictment for Unconstitutional Multiplicity." The government respectfully requests that the Court deny that motion.

As the Court is aware, the Grand Jury yesterday returned a Second Superseding Indictment that charges defendants with conspiracy to obstruct justice under 22 D.C. Code Sections 722(a)(6) and 1895a (Count Two); three counts of obstruction under Sections 722(a)(2) and 1805 (Counts Three, Four, and Five); and one count of obstruction under Sections 722(a)(6) and 1805 (Count Six). Thus Counts Three, Four, and Five were changed in terms of the subsection of Section 722 that is charged, and Count Six changed in terms of the overt acts referenced. The Second Superseding Indictment remained otherwise

unchanged.

Multiplicity is a constitutional principle emanating from the Double Jeopardy Clause of the Fifth Amendment. It prohibits the government from charging in multiple counts what should be charged as a single offense. This multiple charging potentially exposes a defendant to being twice punished for the same crime. United States v. Brandon, 17 F.3d 409, 422-423 (1st Cir. 1994) ("each execution of a scheme to defraud constitutes a separate indictable offense" (citations omitted)). It may also unfairly suggest that more than one crime has been committed when such is not true. United States v. Dixon, 921 F.2d 194, 196 (8th Cir. 1990); United States v. Marquardt, 786 F.2d 771, 778 (7th Cir. 1986). Both results are improper. United States v. Allen, 13 F.3d 105, 107-108 (4th Cir. 1993). A multiplicitous indictment raises the possibility of a double jeopardy violation if the defendant is convicted of both multiplicitous counts. However, where each offense requires proof of different facts, there is no multiplicity and separate punishment may be imposed in connection with each offense. See Blockburger v. United States, 284 U.S. 299 (1932). The same is true where it can be shown that Congress intended for multiple or cumulative punishment to be imposed for the same act. See Missouri v. Hunter, 459 U.S. 359 (1983).

Where false statements constitute the basis for multiple counts, two questions are asked to determine if the counts are multiplicitous. First, was the defendant asked the same question and did he give the same answer? If the answer to this is yes, the counts will still not be multiplicitous if the government suffered an additional harm that it did not suffer from the first false statement. See United States v. Salas-Camacho, 859 F.2d 788, 791 (9th Cir.

1988); United States v. Olsowy, 836 F.2d 439, 442-443 (9th Cir. 1988). Thus, for example, multiple counts of perjury from the same testimony on the same day will be sustained if the questions and purjurious answers are about different subjects.

I.      Count Six

Counts Three, Four, Five, and Six all charge separate and distinct crimes. Counts Three through Five charge defendants with tampering with each specific witness, Witness A (Count Three), Witness B (Count Four), and Witness C (Count Five). These charge affirmative acts to use these three witnesses to obstruct the investigation into the Club U murder. Each count relates to defendants' conduct culminating in the witnesses presenting information to the assigned AUSA that incriminated Jerome Jones and exculpated Suspect A, who is first introduced in paragraph two of the Grand Jury's Superseding Indictment. Count Six is distinct in that it relates, among other acts, to defendants' active use, from their own mouths, of the witness statements that they knew to be false in order to get their warrant signed and Jerome Jones convicted. Over the days during which this obstructive conduct was occurring, defendants used what they were causing these witnesses to say as ammunition in their at times heated arguments with the assigned AUSA and MPD officials to get the warrant signed for Jerome Jones. In addition, Count Six relates to defendants' failure to provide exculpatory information to anyone at the U.S. Attorney's Office or MPD officials. In sum, Count Six charges defendants with their own conduct that was targeted to obstruct the Club U official proceeding.

The Circuit's recent decision in United States v. Weathers, 2007 WL 2033216 (D.C.

Cir. July 17, 2007), which this Court pointed out for the parties, supports the government's position on this issue. The Circuit, after expressing surprise at how the government had charged that case (end of page 4), goes on to analyze the many other obstruction charges that could have been indicted based on Marc Weathers's rather striking conduct. Id. at 5. After itemizing the numerous ways that the government could have charged Weathers, the Circuit concluded, "And had the government returned an indictment breaking Weathers's obstruction attempts even further – for example, by proceedings per endeavor – the number of counts would have multiplied even more." Id. Weathers clearly contemplates that each obstructive act, if properly charged, can bear the weight of a separate count. Count Six relates to defendants' personal attempts to obstruct the proceeding, not their attempts to tamper with the three witnesses. Defendants in this matter did not just let the witnesses do their talking for them. Rather, they repeated the false statements that they were manufacturing in order to get the warrant signed for murder one while armed.

Count Six survives the Court's analysis from Blockburger v. United States, 284 U.S. 299 (1932). The government will have to prove conduct different than that necessary to secure a conviction under Counts Three, Four, and Five. The conduct charged in Count Six occurred at times different than the crimes charged in the other three obstruction counts. The witnesses identified in the Second Superseding Indictment were not present when defendants were using what the witnesses had said to the assigned AUSA to get the warrant signed. Count Six charges defendants themselves with providing false information and failing to provide exculpatory information, facts different than what must be proved with Counts

Three, Four, and Five.

II.    Count Nine

Defendants offer a similar argument regarding Count Nine, but here too the conduct charged is distinct from that charged in Counts Seven and Eight. Counts Seven and Eight charge the statements that defendants caused Witness A and Witness B to make, where Count Nine charges defendants' own statements. Count Seven charges defendants with what they caused Witness A to say. Count Eight, similarly, charges what defendants caused Witness B to say. Count Nine charges defendants themselves, at times different than the Count Seven and Eight statements, with providing the material and false information about the Club U murder as set forth in the two Bills of Particulars. The fact that the statements uttered were similar does not make Count Nine multiplicitous. Defendants' false statements to the assigned AUSA are separate and distinct from the statements of the three witnesses. Each count requires proof of a distinct fact: the person, or persons, who authored, or repeated, the false statement.

WHEREFORE, the United States respectfully requests that the Court deny defendants' motion.

          Respectfully submitted,

          JOHN L. BROWNLEE
          United States Attorney


          s/Bill Gould
          William F. Gould
          Assistant United States Attorney
          District of Columbia Bar # 428468
          Virginia State Bar # 67002

## C E R T I F I C A T E

I certify that a true and correct copy of this government response to defendants' third multiplicity motion has been filed through the Court's electronic filing system, which will send a copy to counsel for both defendants, **David Schertler** and **Danny Onorato** of Schertler & Onorato, L.L.P., and for Milagros Morales, and **Reid Weingarten** and **Brian Heberlig** of Steptoe & Johnson, L.L.P., for Erick Brown, on this 9th day of August, 2007.

                                                            s/Bill Gould
                                                           William F. Gould
                                                           Assistant United States Attorney