UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                 )
UNITED STATES OF AMERICA,         )
                                 )
         v.                       )          Crim. No. 1:07-cr-00075-CKK
                                 )
ERICK R. BROWN, and               )
MILAGROS L. MORALES,              )
                                 )
              Defendants.         )
_____)

## DEFENDANTS' OPPOSITION TO THE GOVERNMENT'S MOTION TO DISMISS COUNT ONE WITHOUT PREJUDICE

Defendants Erick R. Brown and Milagros L. Morales ("Defendants") submit this memorandum of law in opposition to the government's Motion to Dismiss Count One Without Prejudice. Although Defendants do not oppose the dismissal of this count from the Indictment, Count One should be dismissed with prejudice to prevent the possibility that Defendants could be subjected to two trials based on the same underlying conduct.

One week before trial, the government has filed a two-sentence motion to dismiss Count One from the Second Superseding Indictment without prejudice. The government provided no explanation for its request in the motion. However, the government has filed its motion within a week of receiving Defendants' Memorandum of Law In Support Of Proposed Civil Rights Jury Instructions. In that Memorandum, Defendants established that a police officer cannot deprive an individual of the Fourth Amendment right to be free from unreasonable seizure, as charged in Count One, unless the officer arrests the individual without probable cause for any criminal offense. In this case, Defendants believe the evidence is undisputed that probable cause existed to arrest Jerome Jones for, at a minimum, assault with a deadly weapon

based on his actions at Club U on February 13, 2005. As such, Defendants believe the government will not be able to sustain its burden of proof on Count One at trial. In apparent recognition of this fact, the government has moved to dismiss Count One. However, by requesting a dismissal without prejudice, the government appears to be leaving open the possibility that the government would seek to re-try Defendants on the same conduct for which they will stand trial in one week if Defendants obtain an acquittal. The Court should reject the government's request and dismiss Count One with prejudice.

Rule 48(a) provides that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). A court has discretion under Rule 48(a) to reject the government's request to dismiss counts without prejudice and order that dismissal be with prejudice to bar re-prosecution of a defendant. United States v. Poindexter, 719 F. Supp. 6, 10 (D.D.C. 1989). In fact, the primary concern of the "leave of court" requirement of the rule "was that of protecting a defendant from harassment, through a prosecutor's charging, dismissing without having placed a defendant in jeopardy, and commencing another prosecution at a different time or place deemed more favorable to the prosecution." United States v. Ammidown, 497 F.2d 615, 620 (D.C. Cir. 1973) (footnote omitted). To allow the court to protect a defendant from such harassment, the government is required to articulate its reasons for seeking dismissal of counts in the indictment. United States v. Derr, 726 F.2d 617 (10th Cir. 1984) ("Thus, to honor the purpose of the rule, the trial court at the very least must know the prosecutor's reasons for seeking to dismiss the indictment and the facts underlying the prosecutor's decision.") (citations omitted).

In Poindexter, the government moved to dismiss two counts of a three-count indictment in order to proceed to trial on a narrowed indictment. 719 F. Supp. at 10. Although

government counsel informed the court that "he could not 'foresee a renewal of those two

counts,'" the government moved for dismissal without prejudice because it "did want 'to protect

against a rigid barrier.'" Id. at 11.  The Court denied the government's motion and ordered the

two counts to be dismissed with prejudice, stating:

> The considerations in favor of a dismissal with prejudice
> are enhanced by the singular circumstance that the government is
> in this case not merely seeking to dismiss with a view later to re-
> file an entire indictment, but is attempting to pick and chose among
> several charges in a single indictment, proceeding to trial on some,
> and asking to delay until some future, indefinite date, the
> resolution of others.  The government has not cited, and the Court
> has not found, any precedent endorsing such an approach.  In any
> event, that kind of selectivity must be viewed with suspicion and
> disfavor, for it clearly lends itself to abuse and is particularly
> invasive of a defendant's legitimate expectations.
>
> . . . If the government's motion were granted, the
> defendant's conviction or acquittal, whichever it might be, would
> not be the end of it.  He would have to wait in a state of uncertainty
> and under public obloquy for an indefinite period of time until the
> government decided that, somehow, for some reason, the time had
> become more propitious for proceeding with a trial on the second
> half of the charges.  In the view of this Court, such a process would
> not be fair to the defendant.  The Court has an obligation to protect
> him from the uncertainty it entails, and from what, objectively,
> would be harassment, and it will do so.

719 F. Supp. at 12.

    In this case, the government has failed to state its reasons for seeking dismissal of

Count One.  By seeking dismissal without prejudice, however, the government seeks to preserve

the possibility that it could re-indict Defendants on the "civil rights" count at some indefinite

point in the future.  Under the circumstances of this case, the same concerns are present as the

court faced in Poindexter.  That is, faced with the likelihood that it will not be able to prevail on

Count One at trial, the government is seeking to "pick and choose" among the counts in the

-3-

current Indictment to go to trial on its strongest counts while maintaining an insurance policy in the event of an acquittal that would permit the government to re-try Defendants on the "civil rights" charge. The Court should not condone the possibility of such harassment and unfair treatment of Defendants. Accordingly, the Court should dismiss Count One of the current prejudice with prejudice.

Respectfully submitted,

_____
Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig (D.C. Bar #455381)
Robert A. Ayers (D.C. Bar #488284)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
(202) 429-3000

Counsel for Erick R. Brown


David Schertler
Danny Onorato
Schertler & Onorato, LLP
601 Pennsylvania Avenue, N.W.
North Building - 9th Floor
Washington, D.C. 20004-2601
(202) 628-4199

Counsel for Milagros L. Morales


Dated: August 13, 2007

-4-