## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

ERICK R. BROWN, and MILAGROS L.
MORALES,

        Defendants.

Crim. No. 07–75 (CKK)

## MEMORANDUM OPINION
(August 14, 2007)

On August 9, 2007, Defendants Erick R. Brown and Milagros L. Morales filed [74]

Defendants' Motion to Dismiss Counts Six and Nine of the Second Superseding Indictment for

Unconstitutional Multiplicity. The Government filed an Opposition thereto. After considering

the aforementioned filings, the Second Superseding Indictment, the Bill of Particulars and

Supplement to the Bill of Particulars, and the relevant statutes and case law, the Court shall

GRANT IN PART and DENY IN PART [74] Defendants' Motion to Dismiss. While the Court

shall eliminate four of the factual bases provided by the Government for Count Six, the

remainder of Count Six and Count Nine in its entirety are not multiplicitous and shall not be

dismissed.

## I. BACKGROUND

Co-Defendants Brown and Morales, both Detectives of the Metropolitan Police

Department (MPD), were indicted on March 21, 2007 on the following charges related to their

investigation of the murder of Terrance Brown (no relation) on February 13, 2005 (including

their interactions with witnesses during their investigation): Count One–Conspiracy Against

Civil Rights in violation of 18 U.S.C. § 241; Counts Two through Five–Conspiracy to Obstruct

Justice in violation of 18 U.S.C. §§ 2, 371, 1512(c)(2); Counts Six through Eight–Provision of Material and False Information in violation of 18 U.S.C. §§ 2, 1001. Both Defendants were arraigned in Court on March 28, 2007. The United States Attorney's Office for the Western District of Virginia is litigating this matter, as the United States Attorney's Office for the District of Columbia recused itself.

On July 9, 2007, after considering various Motions to Dismiss filed by Defendants, the Court dismissed Counts Two, Three, Four, and Five of the Indictment. Furthermore, the Court granted Defendants' request that the Government file a Bill of Particulars, which was filed on July 10, 2007 and supplemented by order of the Court on July 19, 2007. On July 18, 2007, a Superseding Indictment was returned. On August 8, 2007, a Second Superseding Indictment was returned on the following charges: Count One–Conspiracy Against Civil Rights in violation of 18 U.S.C. § 241;[1] Count Two–Conspiracy to Obstruct Justice in violation of D.C. Code §§ 722(a)(6) and 1805(a); Counts Three through Five–Obstruction of Justice in violation of D.C. Code §§ 722(a)(2) and 1805; Count Six–Obstruction of Justice in violation of 22 D.C. Code §§ 722(a)(6) and 1805; Counts Seven through Nine–Provision of Material and False Information in violation of 18 U.S.C. §§ 2 and 1001. On August 9, 2007, Defendants filed [74] Defendants' Motion to Dismiss Counts Six and Nine of the Second Superseding Indictment for Unconstitutional Multiplicity. Also on August 9, 2007, the Government filed an Opposition thereto.

## II. DISCUSSION

Defendants' Motion to Dismiss was filed pursuant to Federal Rule of Criminal Procedure

---

[1] On August 13, 2007, the Government filed a motion to dismiss Count One without prejudice. Defendants filed a response arguing that Count One should be dismissed with prejudice. This issue has not yet been resolved by the Court.

12(b)(3)(B).  Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B), a defendant must raise

prior to trial "a motion alleging a defect in the indictment or information–but at any time while

the case is pending, the court may hear a claim that the indictment or information fails to invoke

the court's jurisdiction or to state an offense." Fed. R. Crim. P. 12(b)(3)(B).  "'[W]hile a pretrial

motion need not state explicitly the grounds upon which a motion is made, it must contain facts

and arguments that make clear the basis of defendant's objections.'" *United States v. Hewlett*,

395 F.3d 458, 460 (D.C. Cir. 2005) (quoting *United States v. Mitchell*, 951 F.2d 1291, 1296

(D.C. Cir. 1991) (internal quotation marks omitted)).

      "An indictment is multiplicious, and thereby defective, if a single offense is alleged in a

number of counts, unfairly increasing a defendant's exposure to criminal sanctions." *United

States v. Harris*, 959 F.2d 246, 250 (D.C. Cir. 1992), *cert. denied*, 506 U.S. 932 (1992),

*abrogated on other grounds*, *United States v. Stewart*, 246 F.3d 728 (D.C. Cir. 2001).  "'The

Fifth Amendment guarantee against double jeopardy protects not only against a second trial for

the same offense, but also against multiple punishments for the same offense.'" *United States v.

Weathers*, 2007 WL 2033216 at *4 (D.C. Cir. July 17, 2007) (quoting *Whalen v. United States*,

445 U.S. 684, 688 (1980) (internal quotation marks omitted)).  In addition, multiplicitous charges

"improperly prejudice a jury by suggesting that a defendant has committed not one but several

crimes." *United States v. Reed*, 639 F.2d 896, 904 (2d Cir. 1981).  Under *Blockburger*, the

relevant test for determining whether two counts of an indictment are multiplicitous is as

follows:  "[W]here the same act or transaction constitutes a violation of two distinct statutory

provisions, the test to be applied to determine whether there are two offenses or only one, is

whether each [count] requires proof of a fact which the other does not." *Blockburger v. United*

*States*, 284 U.S. 299, 304 (1932).

In Defendants' Motion to Dismiss, Defendants argue both that (1) Count Six of the Second Superseding Indictment should be dismissed as multiplicitous of Counts Three, Four, and Five; and that (2) Count Nine should be dismissed as multiplicitous of Counts Seven and Eight. The Court shall address Defendants' arguments with respect to Counts Six and Nine in turn.

    *A.*   *Count Six*

Count Six of the Second Superseding Indictment is set forth as follows:

1.    That the Introduction to this Second Superseding Indictment is reintroduced and realleged into this Count of the Second Superseding Indictment.

2.    That in or about February 2005, within the District of Columbia, defendants ERICK R. BROWN and MILAGROS L. MORALES, then members of the MPD, as principals and as aiders and abettors, did corruptly in any way obstruct or impede or endeavor to obstruct or impede the due administration of justice in an official proceeding to wit, the investigation into the murder of Terrance Brown, by among other things engaging in the conduct summarized in overt acts (A) through (E) of Count Two, which are reintroduced and realleged in this Count of the Second Superseding Indictment.

Second Superseding Indictment at 13. Count Two describes Defendants "overt acts" as referenced in Count Six as follows:

(A) attempted to cause, and did cause, Witness A to alter Witness A's testimony so that Witness A provided information that was untruthful about the Club U matter by among other things incorrectly describing how Suspect A attacked Terrance Brown, indicating

that Suspect A was punching Terrance Brown with both hands rather than the reality that

Suspect A was holding Terrance Brown's back with one hand and doing a stabbing

motion with the other; (B) attempted to cause, and did cause, Witness B to alter Witness

B's testimony so that Witness B provided information that was untruthful about the Club

U matter by among other things, incorrectly: (1) describing the weapon Jerome Jones

used to assault Terrance Brown, indicating that it was a sharp, silver, or shiny object

rather than the reality that it was a box cutter; (2) describing the motion Jerome Jones

used to attack Terrance Brown, indicating a stabbing motion rather than the reality that

was a slashing motion; and (3) describing the number of people who attacked Jerome

Jones, indicating one person rather that the reality that there were three or more; (C)

attempted to cause, and did cause, Witness C to alter Witness C's testimony so that

Witness C provided information that was untruthful about the Club U matter by among

other things incorrectly describing the weapon Jerome Jones used to assault Terrance

Brown as a sharp, silver, or shiny object rather than the reality that it was a box cutter;

(D) failed to provide the exculpatory evidence to anyone at the D.C. USAO or MPD that

ERICK R. BROWN and MILAGROS L. MORALES were causing Witness A, Witness

B, and Witness C to provide untruthful information and withhold truthful information;

and (E) argued that the assigned AUSA should sign the warrant for the arrest of Jerome

Jones on the charge of murder one while armed based on the false information being

provided by Witness A, Witness B, Witness C, and ERICK R. BROWN and MILAGROS

L. MORALES themselves.

*Id.* at 9.

5

Defendants argue that "[t]he Court should dismiss Count Six as multiplicitous of Counts Three though Five because it does not require proof of any fact separate and distinct from the facts underlying those counts." Defs.' Mem. to Dismiss at 4. The Court notes that the overt act referenced in Count Two in Section (A) forms the basis for Count Three; the overt act referenced in Count Two in Section (B) forms the basis for Count Four; and the overt act referenced in Count Two in Section (C) forms the basis for Count Five: "Specifically, Count Three is based on the alleged false statements of Witness A set forth in overt act A, Count Four is based on the alleged false statements of Witness B set forth in overt act B, and Count Five is based on the alleged false statements of Witness C set forth in overt act C." *Id.* at 5.

The Court agrees that the overt acts set forth in Counts Three, Four, and Five–namely overt acts (A), (B), and (C) of Count Two–cannot serve as the basis for Count Six. Such acts detail Defendants' alleged coercion of the witnesses themselves, and if duplicated as the bases for Count Six, would constitute the same "act[s] or transaction[s]" under *Blockburger* as those acts underlying Counts Three, Four, and Five. Accordingly, "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each [count] requires proof of a fact which the other does not." *Blockburger*, 284 U.S. at 304. As 22 D.C. Code § 722(a)(6) does not appear to require proof of any fact that 22 D.C. Code §§ 722(a)(2) does not, nor does the Government make any argument in this regard, Defendants' alleged influence over Witnesses A, B, and C cannot be the basis for Count Six in addition to Counts Three, Four, and Five. *See Weathers*, 2007 WL 2033216 at *4 ("Subsection (a)(6) is the omnibus provision of D.C.'s obstruction of justice statute; the statute's other subsections are directed at specific types of obstructive

conduct."). While the Government argues that "Count Six is distinct [from Counts Three through Five] in that it relates, among other acts, to defendants' active use, from their own mouths, of the witness statements that they knew to be false in order to get their warrant signed and Jerome Jones convicted," Gov't Opp'n at 3, overt acts (A), (B), and (C) do not relate to Defendants' "active" use of witness statements but rather allege Defendants' attempts to convince the witnesses to change their testimony.

However, the Government also alleges that overt acts (D) and (E) of Count Two form the basis for Count Six. Defendants argue that overt act (D), which "alleges that Defendants 'failed to provide the exculpatory evidence to anyone at the D.C. USAO or MPD that [Defendants] were causing Witness A, Witness B, and Witness C to provide untruthful information and withhold truthful information,'" Defs.' Mem. to Dismiss at 5 (quoting Second Superseding Indictment at 9), "alleges no independent criminal conduct that could form the basis for a stand-alone obstruction charge." *Id.* The Court again agrees that the Government's reliance on overt act (D) implies that Defendants have a separate duty while allegedly corruptly influencing witnesses to affirmatively notify the AUSA that Defendants themselves are concurrently violating the law. Because Defendants' "failure" to notify the AUSA of Defendants' own transgressions does not involve any separate act from those set forth in overt acts (A) (B), and (C), and because, as stated above, 22 D.C. Code § 722(a)(6) does not otherwise require proof of any fact that 22 D.C. Code § 722(a)(2) does not, the Court finds that overt act (D) cannot form a basis for Count Six. The Government's statement that "Count Six relates to defendants' failure to provide exculpatory information to anyone at the U.S. Attorney's Office or MPD officials," Gov't Opp'n at 3, is not accompanied by any argument as to why this "failure" is a distinct and separate act or would

7

otherwise support a separate charge.

Overt act (E), however, does involve a different criminal act on the part of Defendants than those acts set forth in (A) (B), and (C)–accordingly, Defendants may be charged with violating 22 D.C. Code § 722(a)(6) based on the fact that they allegedly "argued that the assigned AUSA should sign the warrant for the arrest of Jerome Jones on the charge of murder one while armed based on the false information being provided by Witness A, Witness B, Witness C, and ERICK R. BROWN and MILAGROS L. MORALES themselves." Second Superseding Indictment at 9. While Defendants argue that "[t]he government does not allege that Defendants made any new or different false statements to the AUSA," Defs.' Mem. to Dismiss at 6, this statement misses the point. Defendants' act of arguing before the AUSA in an attempt to convince the AUSA to sign a warrant (and repeating statements made by Witnesses A, B, and C while doing so) is a *distinct and separate act* performed at a different time with a different set of actors than either (1) Defendants' allegedly convincing the witnesses to make false statements or (2) the witnesses' making false statements themselves. Accordingly, since overt act (E) is a separate act or transaction from overt acts (A) though (D), the *Blockburger* test does not apply, as the Government has simply charged a different alleged criminal act under a different criminal statute. Relying on *Weathers*, the Government states that "Count Six relates to defendants' personal attempts to obstruct the proceeding, not their attempts to tamper with the three witnesses." Gov't's Opp'n at 4 (citing *Weathers*, 2007 WL 2033216) ("*Weathers* clearly contemplates that each obstructive act, if properly charged, can bear the weight of a separate count."). However, since overt acts (A) through (C) pertain to Defendants' "attempts to tamper with the three witnesses," only overt act (E) is supported by the Government's argument.

8

In sum, the Court finds that the Government's incorporation of overt acts (A) through (D) (of Count Two) in Count Six creates a multiplicity problem for Count Six in light of the fact that these overt acts form the basis for Counts Three through Five and/or involve no other action by Defendants themselves. Accordingly, while Count Six shall not be dismissed in its entirety, the Second Superseding Indictment shall be modified such that Count Six shall read as follows:

[Count Six: Obstruction of Justice in violation of 22 D.C. Code §§ 722(a)(6) and 1805]

1.  That the Introduction to this Second Superseding Indictment is reintroduced and realleged into this Count of the Second Superseding Indictment.

2.  That in or about February 2005, within the District of Columbia, defendants ERICK R. BROWN and MILAGROS L. MORALES, then members of the MPD, as principals and as aiders and abettors, did corruptly in any way obstruct or impede or endeavor to obstruct or impede the due administration of justice in an official proceeding to wit, the investigation into the murder of Terrance Brown, by among other things engaging in the conduct summarized in overt act (E) of Count Two, which is reintroduced and realleged in this Count of the Second Superseding Indictment.

B.  *Count Nine*

Count Nine of the operative Indictment is set forth as follows:

1.  That the Introduction to this Second Superseding Indictment is reintroduced and realleged into this Count of the Second Superseding Indictment.

2.  That in or about February 2005, within the District of Columbia, defendants ERICK R. BROWN and MILAGROS L. MORALES, then members of the MPD,

as principals and as aiders and abetters [*sic*], did knowingly and willfully, make a
materially false, fictitious, or fraudulent, statement or representation, in a matter
within the jurisdiction of the executive, legislative, or judicial, branch of the
Government of the United States, specifically, ERICK R. BROWN and
MILAGROS L. MORALES provided material and untruthful information about
their investigation of the Club U matter to the assigned AUSA.

Second Superseding Indictment at 16. Counts Seven and Eight charge Defendants with violating
the same statutes (18 U.S.C. §§ 2, 1001) by causing Witnesses A and B, respectively, to provide
material and false information about the Club U Matter. *Id.* at 14, 15.[2]

---

[2]        [Count Seven]
           1.     That the Introduction to this Indictment is reintroduced and realleged into
                  this Count of the Indictment.
           2.     That on or about February 16, 2005, within the District of Columbia,
                  defendants ERICK R. BROWN and MILAGROS L. MORALES, then
                  members of the MPD, as principals and as aiders and abetters [*sic*], did
                  knowingly and willfully, make, or cause to be made, a materially false,
                  fictitious, or fraudulent, statement or representation, in a matter within the
                  jurisdiction of the executive, legislative, or judicial, branch of the
                  Government of the United States, specifically, ERICK R. BROWN and
                  MILAGROS L. MORALES caused Witness A to provide material and
                  untruthful information about the Club U matter.

           [Count Eight]

           1.     That the Introduction to this Indictment is reintroduced and realleged into
                  this Count of the Indictment.
           2.     That on or about February 17, 2005, within the District of Columbia,
                  defendants ERICK R. BROWN and MILAGROS L. MORALES, then
                  members of the MPD, as principals and as aiders and abetters [*sic*], did
                  knowingly and willfully, make, or cause to be made, a materially false,
                  fictitious, or fraudulent, statement or representation, in a matter within the
                  jurisdiction of the executive, legislative, or judicial, branch of the
                  Government of the United States, specifically, ERICK R. BROWN and
                  MILAGROS L. MORALES caused Witness B to provide material and

The Court notes that Counts Seven, Eight, and Nine of the Second Superseding Indictment were respectively Counts Six, Seven, and Eight of the original Indictment such that the Government's submission of its Bill of Particulars and Supplemental Bill of Particulars is presumably the basis for Defendants filing their Motion to Dismiss Count Nine on multiplicity grounds now as opposed to when Defendants filed their five motions to dismiss the original Indictment. Indeed, Defendants note that in specifying the false statements at issue, "[w]ith respect to Count Seven, relating to Witness A, the government alleges that Defendants 'caused Witness A to describe the assailant in the black shirt . . . as punching with both of his hands, not doing a stabbing motion with one hand and holding Terrance Brown's back with the other.'" Defs.' Mem. to Dismiss at 3 (quoting Bill of Particulars at 1). "With respect to Count Eight, relating to Witness B, the government alleges that Defendants 'caused Witness B to tell the assigned AUSA three things that were not truthful: first, that Jerome Jones had a sharp, silver, or shiny object, not a box cutter; second, that only one person was attacking Terrance Brown, and third, that Jerome Jones stabbed Brown rather than slashed him.'" *Id.* (quoting Bill of Particulars at 2). Finally, Defendants note that in the Government's Supplemental Bill of Particulars with respect to what is now Count Nine, the Government alleges that "'Defendants provided the following material and untruthful information about their investigation of the Club U matter to the assigned AUSA: (A) Suspect A was punching Terrance Brown with both hands; (B) the weapon that Jerome Jones used to attack Terrance Brown was a knife-like object, not a box cutter; (C) Jerome Jones was stabbing Terrance Brown, rather than slashing him; and (D) only one person, Jerome Jones, was attacking Terrance Brown.'" *Id.* (quoting Supplemental Bill of

---

untruthful information about the Club U matter.

Particulars at 1).

Defendants argue that Count Nine should be dismissed as multiplicitous pursuant to *Blockburger* because "[t]he requisite proof for Count Nine–that Defendants caused Witness A and Witness B to make those four allegedly false statements–is thus indistinguishable from that required by Counts Seven and Eight." Def.'s Mem. to Dismiss at 7. Defendants' argument fails for the same reason set forth above with respect to Count Six and overt act (E)–namely, Defendants' act of actively conveying untruthful information to the assigned AUSA is a separate act made at a distinct time from Defendants' role in allegedly facilitating Witness A and Witness B's direct provision of false information. As the act at issue is distinct, the *Blockburger* test–which applies to the charging of the same "act or transaction" under two different statutes–does not apply.

Defendants also argue that a "variation of the *Blockburger* approach" that has been adopted by other circuits has been "implicitly" adopted by this circuit[3] such that Defendants' own repetition of false statements allegedly made by the witnesses should be construed as the same false statement. *See* Defs.' Mem. to Dismiss at 7-8. Namely, "[w]here an indictment alleges multiple false statements, 'the appropriate test if this: each count must set forth a separate lie or false statement, and in cases where the facts present a close question of whether separate lies exist, it is relevant to inquire into the degree to which the second statement impaired the body before which it was made.'" *Id.* at 8 (quoting *United States v. Clarridge*, 811 F. Supp. 697, 702 (D.D.C. 1992)) (citing *United States v. Trent*, 949 F. 2d 998, 999-1000 (8th Cir. 1991), *cert.*

---

[3] Defs.' Mem. to Dismiss at 8 n.2 (citing *United States v. Hubbell*, 177 F.3d 11, 14 (D.C. Cir. 1999)). However, upon reviewing *Hubbell*, the Court finds nothing in the text of the opinion that would support the conclusion that *Hubbell* "implicitly adopts" the test set forth in *Clarridge*.

*denied*, 505 U.S. 1209; *United States v. Olsowy*, 836 F.2d 439, 443 (9th Cir. 1987), *cert. denied*,

485 U.S. 991). Defendants argue that

> [b]ecause Count Nine is based upon the very same allegedly false statements charged in
> Counts Seven and Eight, it fails to set forth any 'separate lie or false statement.'
> Furthermore, although the question of whether separate lies exist can in no way be
> considered a close question, mere repetition by Defendants of the same allegedly false
> statements previously made by Witness A and Witness B to the AUSA could not have
> further impaired the investigation into the murder of Terrance Brown to any degree.

Defs.' Mem. to Dismiss at 8. However, assuming *arguendo* that the test set forth in *Clarridge*

were to apply to cases in this circuit, all of the cases cited by Defendants for this premise involve

a defendant's repetition of his or her own "lie"–not repetition of a false statement originally made

by another individual when defendant knew upon repeating such statement that the statement was

false. The test set forth in *Clarridge* has only been applied to defendants who repeat their own

false statements or lies, as it is only then that the question of whether a "separate lie or false

statement" is at issue. The Court finds fault in Defendants' reasoning that a false statement can

only be made once by one individual and does not find support for this premise in *Clarridge* or

the other cases cited by Defendants.

Accordingly, the Court concludes that Defendants' repetition of the witnesses' false

statements (which separately form the basis for Counts Seven and Eight) to the assigned AUSA,

knowing that such statements were false, can support a separate charge. Therefore, Count Nine

shall therefore not be dismissed from the Second Superseding Indictment.

## III. CONCLUSION

Based on the aforementioned reasoning, the Court shall GRANT IN PART and DENY IN

PART [74] Defendants' Motion to Dismiss. While the Court shall eliminate four of the factual

bases provided by the Government for Count Six, the remainder of Count Six and Count Nine in

its entirety are not multiplicitous and shall not be dismissed.

With this modification to Count Six, the Trial shall go forward on the Counts as set forth in the Second Superseding Indictment.

An Order accompanies this Memorandum Opinion.


Date:   August 14, 2007

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

14