**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|                                  |   |                             |
|----------------------------------|---|-----------------------------|
| **UNITED STATES OF AMERICA,**    | ) |                             |
|                                  | ) |                             |
|     **v.**   | ) | **Crim. No. 1:07-cr-00075-CKK** |
|                                  | ) |                             |
| **ERICK R. BROWN, and**          | ) |                             |
| **MILAGROS L. MORALES,**         | ) |                             |
|                                  | ) |                             |
|     **Defendants.** | ) |                       |

_____

**JOINT PROPOSED JURY INSTRUCTIONS**

The parties hereby submit the following revised proposed jury instructions to be read to the jury at the conclusion of the presentation of evidence at trial.  The parties reached agreement on the vast majority of the proposed instructions.  However, the government objects to Defendants' proposed Good Faith instruction -- Defendants' proposed instruction Fourteen -- and proposes certain instructions in the event the Court gives Defendants' Good Faith Instruction -- government's proposed instructions Fifteen through Seventeen -- to which Defendants object.[1]

## I.    <u>Court's Standard Instructions</u>

The parties request that the Court use the following standard instructions from <u>Criminal Jury Instructions for the District of Columbia</u> (4th ed. revised 2007) (hereinafter the "Red Book"):

Red Book Instr. 2.01 -- Function of the Court

Red Book Instr. 2.02 -- Function of the Jury

---

[1]  The parties have reviewed the Court's standard <u>voir</u> <u>dire</u> and have no substantive additions to propose.  However, in light of the fact that this case has received modest media coverage, the parties respectfully request that the Court ask the jurors if they have been exposed

(Continued …)

Red Book Instr. 2.03 -- Jury's Recollection Controls

Red Book Instr. 2.04 -- Evidence in the Case - Judicial Notice, Stipulations, Depositions

Red Book Instr. 2.05 -- Statements of Counsel

Red Book Instr. 2.06 -- Indictment or Information Not Evidence

Red Book Instr. 2.07 -- Inadmissible and Stricken Evidence

Red Book Instr. 2.08 -- Burden of Proof - Presumption of Innocence

Red Book Instr. 2.09 -- Reasonable Doubt

Red Book Instr. 2.10 -- Direct and Circumstantial Evidence

Red Book Instr. 2.11 -- Credibility of Witnesses

Red Book Instr. 2.13 -- Number of Witnesses

Red Book Instr. 2.14 -- Nature of Charges Not to be Considered

Red Book Instr. 2.26 -- Police Officer's Testimony (modified to include testimony of an
                        Assistant United States Attorney)

Red Book Instr. 2.27 -- Right of Defendant Not To Testify (if applicable)

Red Book Instr. 2.28 -- Defendant As A Witness (if applicable)

Red Book Instr. 2.30 -- Transcripts Of Tape Recordings[2]

Red Book Instr. 2.41 -- Missing Witness Or Other Evidence (if applicable)

Red Book Instr. 2.42 -- Character And Reputation Of Defendant (if applicable)

Red Book Instr. 2.43 -- Cross-Examination Of Character Witness (if applicable)

Red Book Instr. 2.49 -- Defendant's Statements -- Corroboration

---

to any media reports about this case. The Court could ask this question immediately following the standard question about whether any juror is familiar with the facts of the case.

[2] The parties propose that the Court modify Instruction 2.30 to apply to video recordings by substituting "video" wherever "tape" occurs in the instruction.

Red Book Instr. 2.50 -- Statements -- Co-Defendants

Red Book Instr. 2.54 -- Multiple Defendants -- Multiple Counts

Red Book Instr. 2.55 -- Evidence Admitted Against One Defendant Only (if applicable)

Red Book Instr. 2.71 -- Selection of Foreperson

Red Book Instr. 2.73 -- Exhibits During Deliberations

Red Book Instr. 2.74 -- Possible Punishment Not Relevant

Red Book Instr. 2.75 -- Communication Between the Court and Jury During Jury's Deliberations

**II.    Parties' Proposed Jury Instructions**

**Parties' Proposed Instruction No. 1.[3]**

<u>**THE GOVERNMENT AS A PARTY**</u>

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, is important to the defendants, who are charged with serious crimes.

The fact that the prosecution is being brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

**Authority:**    1 Leonard B. Sand et al., <u>Modern Federal Jury Instructions - Criminal</u> ¶ 2.01 Instr. 2-5 (Matthew Bender 2007).

---

[3] The pattern instructions upon which these proposed instructions are based have been modified throughout the proposed instructions to apply to multiple defendants.

**Parties' Proposed Instruction No. 2.**

## COUNT TWO: CONSPIRACY TO OBSTRUCT JUSTICE
## <u>ELEMENTS OF THE OFFENSE</u>

Count Two charges the defendants with conspiring to obstruct justice in violation of Title 22, D.C. Official Code, Sections 722(a)(6) and 1805(a).

I am going to tell you about the charge of Conspiracy to Obstruct the Due Administration of Justice, which is a separate charge from Obstructing Justice itself with which the defendants are also charged. In deliberating on this charge you must consider the defendants individually, to decide whether the government has proved each of the elements as to each person.

The defendants are charged with conspiring to obstruct the due administration of justice. It is against the law to agree with someone to commit the crime of Obstructing Justice.

The essential elements of the offense of Obstructing Justice, each of which the government must prove beyond a reasonable doubt, are:

One:    That a particular defendant corruptly or by threats of force obstructed or impeded or endeavored to obstruct or impede the due administration of justice in any official proceeding in the Superior Court of the District of Columbia; and

Two:    That the defendant acted with specific intent to obstruct or impede the due administration of justice.

You are instructed that the term "corruptly" means with an improper motive. The term "endeavor" means any effort, whether successful or not.

The term "official proceeding" means any trial, hearing, investigation or other proceeding conducted by a grand jury of the Superior Court of the District of Columbia.

The government is not required to prove that the objective was achieved. To find a particular defendant guilty of the crime of conspiracy, you must be convinced that the government has proved each of the following three elements, beyond a reasonable doubt:

First, that in or about February 2005, an agreement existed between the defendants, to commit the crime of Obstructing Justice. This does not have to be a formal agreement or plan, in which the defendants sat down together and worked out the details. On the other hand, merely because people get together and talk about common interests, or do similar things does not necessarily show that an agreement exists to obstruct justice. It is enough that the government proves beyond a reasonable doubt that there was a common understanding among the defendants to commit the crime of Obstructing Justice. So, the first thing that must be shown is the existence of an agreement.

Second, the government must prove that the defendants intentionally joined in that agreement. It is not necessary to find that they agreed to all the details of the crime. A person may become a member of a conspiracy even if that person agrees to play only a minor part, as long as that person understands the unlawful nature of the plan and voluntarily and intentionally joins in it with the intent to advance or further the unlawful object of the conspiracy. But merely being with the other defendant does not show that either defendant knowingly joined in an agreement. So the second thing that must be shown is that the defendants intentionally joined the conspiracy.

Third, the government must show that one of the defendants did something for the purpose of carrying out the conspiracy. This something is referred to as an overt act. The government must show that one of the defendants did one of the overt acts in order to carry out the conspiracy. The charged overt acts are attempting to cause and causing Witnesses A, B, and

C to alter their testimony so that the witnesses provided untruthful information about the Club U matter, failing to provide the exculpatory evidence to anyone at the United States Attorney's Office for the District of Columbia or the Metropolitan Police Department that the defendants were causing Witnesses A, B, and C to provide untruthful information and withhold truthful information about the Club U matter, and arguing that the assigned Assistant United States Attorney should sign Jerome Jones' arrest warrant based on information the defendants knew was false that was provided by Witnesses A, B, and C and the defendants themselves.  The government need not prove that all of these overt acts were taken, but in order to find a defendant guilty, you must all agree on at least one overt act that was done.

A conspiracy can be proved indirectly, by facts and circumstances that lead to a conclusion that a conspiracy existed.  But it is up to the government to prove that such facts and circumstances existed and lead to that conclusion in this particular case.

In deciding whether an agreement existed, you may consider the acts and statements of both of the alleged participants.  In deciding whether a particular defendant became a member of that conspiracy, you may consider only the acts and statements of that defendant.

In summary, a conspiracy is a kind of partnership in crime.  For a particular defendant to be convicted of the crime of conspiracy, the government must prove three things beyond a reasonable doubt: first, that there was an agreement between the defendants to obstruct justice; second, that the defendant intentionally joined in that agreement; and third, that one of the defendants did one of the overt acts charged.

**Authority:**    Red Book Instr. 4.81, 4.93 (modified for conspiracy involving only two participants).

**Parties' Proposed Instruction No. 3.**

## COUNT TWO: CONSPIRACY

## <u>UNANIMITY</u>

The verdicts must represent the considered judgment of each juror.  In order to return verdicts, each juror must agree to the verdicts.  Your verdicts must be unanimous.

As I have already instructed you, Count Two of the Indictment charges the defendants with conspiring with one another to commit the offense of Obstructing Justice.  There has been evidence of more than one overt act upon which a conviction on this count may be based.  You may find the defendants guilty on this count if the government proves beyond a reasonable doubt that a defendant committed any of these overt acts.  However, in order to return a guilty verdict on this count, all jurors must unanimously agree as to at least one of these specific overt acts.  In other words, you must all agree that a defendant committed a specific overt act alleged in Count Two.

**Authority:**    Red Book Instr. 2.72 (modified to apply to overt acts in conspiracy involving only two participants).

**Parties' Proposed Instruction No. 4.**

**COUNTS THREE THROUGH FIVE: OBSTRUCTION OF JUSTICE**

**<u>ELEMENTS OF THE OFFENSE</u>**

Counts Three through Five charge the defendants with Obstructing Justice in violation of Title 22, D.C. Official Code, Sections 722(a)(2) and 1805.

The essential elements of the offense of Obstructing Justice under Section 722(a)(2), each of which the government must prove beyond a reasonable doubt, are:

One:    That the defendant endeavored to influence, intimidate or impede a witness;

Two:    That the defendant did so by corruptly persuading; and

Three:  That the defendant did so with the specific intent to influence, delay, prevent or cause a witness to withhold the witness' truthful testimony in any official proceeding in the Superior Court of the District of Columbia.

The term "witness" means a person who knows or is supposed to know facts material to the case then pending, and who may be called to testify.  The government need not prove that the person was certainly going to be called but must prove that there was a reasonable expectation that the person would be called to testify.

The term "corruptly" means with an improper motive.

The term "endeavor" means any effort, whether successful or not.

The term "official proceeding" means any trial, hearing, investigation or other proceeding conducted by a grand jury of the Superior Court of the District of Columbia.

**Authority:**    Red Book Instr. 4.81(B) (added first paragraph; added "official" before proceeding in third element pursuant to 22 D.C. Code 722(a)(2); added definition of "official proceeding").

-9-

**Parties' Proposed Instruction No. 5.**

**COUNTS SIX: OBSTRUCTION OF JUSTICE**

**ELEMENTS OF THE OFFENSE**

Count Six charges the defendants with Obstructing Justice in violation of Title 22, D.C.

Official Code, Sections 722(a)(6) and 1805.

The essential elements of the offense of Obstructing Justice under Section 722(a)(6), each

of which the government must prove beyond a reasonable doubt, are:

One:    That the defendant corruptly or by threats of force obstructed or impeded or
endeavored to obstruct or impede the due administration of justice in any official
proceeding in the Superior Court of the District of Columbia; and

Two:    That the defendant acted with specific intent to obstruct or impede the due
administration of justice.

**Authority:**    Red Book Instr. 4.81(F) (added first paragraph; removed definition of "corruptly,"
"endeavor" and "official proceeding" as redundant of proposed instruction Four).

**Parties' Proposed Instruction No. 6.**

**COUNTS SEVEN THROUGH NINE: FALSE, FICTITIOUS, OR FRAUDULENT
STATEMENTS OF REPRESENTATIONS**

**ELEMENTS OF THE OFFENSE**

Counts Seven through Nine charge the defendants with knowingly and willfully making, or causing to be made, a false, fictitious, or fraudulent statement to the United States government in violation of Title 18, United States Code, Sections 2 and 1001.

In order to sustain its burden of proof for the crime of knowingly and willfully making a false statement to the United States government as charged in Counts Seven through Nine of the indictment, the government must prove the following four essential elements beyond a reasonable doubt:

One*:*    That the defendant made, or caused to be made, a false, fictitious, or fraudulent statement or representation as detailed in each of Counts Seven Through Nine in the indictment;

Two*:*    The false, fictitious, or fraudulent statement or representation was material;

Three:    The defendant acted knowingly and willfully; and

Four*:*    The statement was made in a matter within the jurisdiction of the executive branch of the United States government.

**Authority:**    Adapted from 2 Sand et al., ¶ 36.01 Instr. 36-3.

**Parties' Proposed Instruction No. 7.**

**COUNTS SEVEN THROUGH NINE: FALSE STATEMENTS -- ELEMENT ONE**

**<u>"FALSE, FICTITIOUS OR FRAUDULENT STATEMENTS OR REPRESENTATIONS"</u>**
**<u>-- DEFINED</u>**

To satisfy the first element of Counts Seven through Nine with respect to a particular defendant, the government must prove beyond a reasonable doubt that the defendant made, or caused to be made, a false, fictitious, or fraudulent statement or representation.

A false or fictitious statement or representation is an assertion which is untrue when made or when used and which is known by the person making it or using it to be untrue.

A fraudulent statement or representation is an assertion which is known to be untrue and which is made or used with the intent to deceive.

**Authority**:    2A O'Malley et al., § 40.08 (added first paragraph).

**Parties' Proposed Instruction No. 8.**

**COUNTS SEVEN THROUGH NINE: FALSE STATEMENTS -- ELEMENT TWO**

**"MATERIALITY" -- DEFINED**

The second element the government must prove beyond a reasonable doubt is that the statement or representation a particular defendant made, or caused to be made, was material.

A fact is material if it could have influenced the government's decisions or activities. However, proof of actual reliance on the statement by the government is not required.

**Authority:**    2 Sand et al., ¶ 36.01 Instr. 36-11 (modified to apply to aiding and abetting liability).

**Parties' Proposed Instruction No. 9.**

## COUNTS SEVEN THROUGH NINE: FALSE STATEMENTS -- ELEMENT THREE

### "KNOWING AND WILLFUL CONDUCT" -- DEFINED

The third element which the government must prove beyond a reasonable doubt is that the defendant acted knowingly and willfully.

An act is done "knowingly" if it is done consciously and with awareness and comprehension and not because of ignorance, mistake or misunderstanding or other similar reason.

A person who makes, submits, or uses a statement which that person believes to be truthful does not "knowingly" make, submit, or use a false, fictitious, or fraudulent statement.

An act is done "willfully" if it is done with an intention to do something the law forbids, a bad purpose to disobey the law.

**Authority**:    2A O'Malley et al., § 40.13 (definition of "knowingly" used in second and third paragraphs; deleted "or writing" from third paragraph); 2 Sand et al., ¶ 36.01 Instr. 36-7 (definition of "willfully" used in fourth paragraph).

**Parties' Proposed Instruction No. 10.**

**COUNTS SEVEN THROUGH NINE: FALSE STATEMENTS -- ELEMENT ONE**

**<u>UNRESPONSIVENESS OR LITERAL TRUTH IS NOT FALSITY</u>**

In deciding whether a particular defendant made or caused to be made, false, fictitious or fraudulent statements, the statements must be given their natural meaning in the context in which the words were used. If you find that a statement made or caused to be made by the defendant was literally true, then this element is not satisfied and you must find the defendant not guilty on this charge. As long as a statement, or a reasonable interpretation of a statement, is narrowly and literally true, there can be no conviction based upon the statement, even if you find that the answer was unresponsive to the question asked or intentionally misleading.

**Authority:**    2 Sand et al., ¶ 48.01 Instr. 48-8 (perjury instruction modified to apply to making, or causing to be made, false statements); <u>United States v. Williams</u>, 29 F. Supp. 2d 1, 4 (D.D.C. 1998) (noting that district court gave defendant's literal truth instruction in Section 1001 case), <u>vacated in part, remanded by</u>, <u>United States v. Schaffer</u>, 240 F.3d 35 (D.C. Cir. 2001).

**Parties' Proposed Instruction No. 11.**

**COUNTS SEVEN THROUGH NINE: FALSE STATEMENTS -- ELEMENT FOUR**

<u>**"MATTER WITHIN THE JURISDICTION OF THE UNITED STATES
GOVERNMENT" -- DEFINED**</u>

To satisfy the fourth element of Counts Seven through Nine with respect to a particular

defendant, the government must prove beyond a reasonable doubt that the statement be made

with regard to a matter within the jurisdiction of the executive, legislative or judicial branch of

the government of the United States. I charge you that the United States Attorney's Office for

the District of Columbia is within the executive branch of the United States Government.

There is no requirement that the statement or representation be actually directed to or

given to the United States Attorney's Office for the District of Columbia. All that is necessary is

that you find that it was contemplated that the statement or representation was to be utilized in a

matter which was within the jurisdiction of the government of the United States. To be within

the jurisdiction of a department or agency of the United States means that the statement must

concern an authorized function of that department or agency.

**Authority:**    2 Sand et al., ¶ 36.01 Instr. 36-14  (first sentence modified for consistency with
introductory phrases in other instructions and added "the executive, legislative or judicial branch
of the" before "government of the United States.").

**Parties' Proposed Instruction No. 12.**

**COUNTS SEVEN THROUGH NINE: FALSE STATEMENTS**

**UNANIMITY**

Counts Eight and Nine of the indictment, charging the defendants with knowingly and willfully making, or causing to be made, a false, fictitious, or fraudulent statement, allege more than one false or fraudulent statement in each count.

The government is not required to prove that all of the statements that are alleged, individually, in Counts Eight and Nine of the indictment are, in fact, false.

Each juror must agree with each of the other jurors, however, that, within each count, the same statement or representation alleged to be false, fictitious, or fraudulent is, in fact, false, fictitious, or fraudulent.  The jury need not unanimously agree on every statement alleged in each count, but, in order to convict, must unanimously agree upon at least one such false, fictitious, or fraudulent statement in each count.

Unless the government has proven the same false or fraudulent statement to each of you, beyond a reasonable doubt, for Count Eight and Count Nine, you must acquit the defendant of the charges in those counts of the indictment.

**Authority:**    2A O'Malley et al., § 40.15 (modified for multiple counts and to apply to aiding and abetting liability).

**Parties' Proposed Instruction No. 13.**

### COUNTS THREE THROUGH NINE: OBSTRUCTING JUSTICE AND FALSE STATEMENTS

### AIDING AND ABETTING

You may find a defendant guilty of Obstructing Justice or with making, or causing to be made, a false, fictitious, or fraudulent statement, as I have defined those offenses, without finding that he or she personally committed each of the acts that make up the crime or that he or she was present while the crime was being committed. Any person who in some way intentionally participates in the commission of a crime can be found guilty either as an aider and abettor or as a principal offender. It makes no difference which label you attach. They are as guilty of the crime as they would be if they had personally committed each of the acts that make up the crime.

To find that a defendant aided and abetted in committing a crime, you must find that he or she knowingly associated him or herself with the commission of the crime, that he or she participated in the crime as something he or she wished to bring about, and that he or she intended by his or her actions to make it succeed.

Some affirmative conduct by the defendant in planning or carrying out the crime is necessary. Mere physical presence by the defendant at the place and time the crime is committed is not by itself sufficient to establish his or her guilt.

The government is not required to prove that anyone discussed or agreed upon a specific time or method of committing the crime. The government is not required to prove the crime was committed in the particular way planned or agreed upon.

I have already instructed you on the elements of the offenses with which the defendants are charged. With respect to the charge of Obstructing Justice, regardless of whether a particular

defendant is an aider and abettor or principal offender, the government must prove beyond a reasonable doubt that the defendant personally acted corruptly with specific intent to obstruct or impede the due administration of justice or influence, delay, prevent or cause a witness to withhold truthful testimony in an official proceeding.   With respect to the charge of making, or causing to be made, a false, fictitious, or fraudulent statement, regardless of whether a particular defendant is an aider and abettor or principal offender, the government must prove beyond a reasonable doubt that the defendant personally knowingly and willfully made, or caused to be made, a statement that the defendant knew was false, fictitious or fraudulent at the time it was made.

It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted in committing the crime.

**Authority:**    Red Book Instr. 4.02 (modified for multiple charges).

**Defendants' Proposed Instruction No. 14.**

## THE GOOD FAITH DEFENSE TO KNOWING AND WILLFUL AND SPECIFIC INTENT CRIMES

The good faith of the defendants is a complete defense to the charges in the indictment because good faith on the part of the defendants is, simply, inconsistent with a finding of specific intent to obstruct justice or knowingly and willfully making, or causing to be made, false, fictitious or fraudulent statements. Counts Two and Six require you to find that the defendants acted corruptly with specific intent to obstruct or impede the due administration of justice. Counts Three through Five require you to find that the defendants corruptly endeavored to influence, intimidate to impede a witness with the specific intent to or influence, delay, prevent or cause a witness to withhold truthful testimony in an official proceeding. Counts Seven through Nine require you to find that the defendants knowingly and willfully made, or caused to be made, a false, fictitious, or fraudulent statement or representation with regard to a matter within the jurisdiction of the executive branch of the government of the United States. Good faith on the part of the defendants, as I will explain it to you, is a complete defense to all of these charges.

A person who acts on a belief or an opinion honestly held is not punishable under these statutes merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an error in management does not rise to the level of knowledge and willfulness, and specific intent required by the charged offenses.

The law is intended to subject to criminal punishment only those people who specifically intend to obstruct justice, or knowingly and willfully attempt to deceive. While the term good faith has no precise definition, it means, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to comply with known legal duties.

In determining whether or not the government has proven a particular defendant acted in good faith or acted with the specific intent to obstruct justice, or acted knowingly and willfully in making, or causing to be made, a false, fictitious, or fraudulent statement, the jury must consider all of the evidence in the case bearing on that defendant's state of mind.

The burden of proving good faith does not rest with the defendants because the defendants do not have an obligation to prove anything in this case.  It is the government's burden to prove to you, beyond a reasonable doubt, that the defendants acted with the specific intent to obstruct the investigation into the murder of Terrance Brown, and the defendants knowingly and willfully made, or caused to be made, false, fictitious, or fraudulent statements.

If the evidence in this case leaves the jury with a reasonable doubt as to whether a particular defendant acted in good faith, the jury must acquit the defendant.

**Authority:**    Adapted from 2A O'Malley et al., § 40.16 (modified to include 18 U.S.C. § 241, and 22 D.C. Code §§ 722(a)(6), 1805 and 1805(a)).

**Government's Objection to Defendants' Proposed Instruction No. 14.**

The government objects to Defendants' Proposed Instruction No. 14.  However, if the Court is inclined to give it, the government requests its proposed instructions 15-17 also be provided.

**Government's Proposed Instruction No. 15.**

The word "knowingly," as that term has been used in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

You may find that a defendant had knowledge of a fact if you find that the defendant deliberately closed his or her eyes to what would otherwise have been obvious to him or her. While knowledge on the part of a defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself or herself to the existence of a fact. The good faith instruction that I have given you does not allow either defendant to be willfully blind to his or her conduct.

The word "willfully," as used in these instructions, means that the defendant knowingly performed an act or failed to act deliberately and intentionally, as contrasted with accidentally, carelessly, or unintentionally.

**Authority:**  Devitt, Blackmar & O'Malley, FJP&I, Vol. 1A, §17.04, 17.05 (2000)

**Defendants' Objections to Government's Proposed Instruction No. 15.**

Defendants object to the first and third paragraphs of the government's proposed instruction Fifteen as unnecessary because "knowingly" "and willfully" are defined in Parties' Proposed Instruction No. 9. In addition, the government's proposed definition of "willfully" is indistinguishable from "knowingly" and does not sufficiently convey the intent standard required, as set forth in instruction no. 9.

Defendants object to the second paragraph of government's proposed instruction Fifteen because it is premature and unnecessary. The government is not entitled to a "willful blindness" instruction as a matter of right. Instead, "a willful blindness instruction should not be given

unless there is evidence that the defendant purposely contrived to avoid learning all the facts in order to have a defense in the event of a subsequent prosecution" or "[the defendant] was aware of a high probability [of the fact in dispute] and consciously avoided confirming that fact." United States v. Alston-Graves, 435 F.3d 331, 341 (D.C. Cir. 2006) (holding willful blindness instruction improper under either test due to the absence of factual predicate) (citations and internal quotation marks omitted). Thus, until the government establishes a factual predicate for its proposed willful blindness instruction, its request for such an instruction is premature.

Furthermore, the facts of this case do not appear to support a willful blindness instruction. The government has alleged that Defendants knowingly and willfully made or caused false, fictitious, or fraudulent statements and intentionally made or caused to be made false statements to United States Attorney's Office ("USAO") in an effort to obstruct justice. The government has never alleged that Defendants purposely avoided learning the truth about the facts of the Club U murder investigation. Instead, the government contends that Defendants knew the facts and intentionally misrepresented, or caused them to be misrepresented, to the USAO. Therefore, it does not appear that the government will be able to establish the required factual predicate for a willful blindness instruction and the Court should decline to give the government's proposed instruction Fifteen.

**Government's Proposed Instruction No. 16.**

      As I have instructed, the government must prove that the defendants knew that

_____.

      I further instruct you that this knowledge element may be proven either by evidence that

the defendants actually knew _____, or by evidence that

they were "willfully blind" to such an event.

      In determining whether the defendants were "willfully blind," you should not find the

defendant guilty if all the evidence proves is a mistake or even careless disregard.  However, you

may conclude that the knowledge element has been proven if the evidence shows that the

defendant deliberately and purposely closed his eyes to avoid knowing what was taking place

around him.

**Authority:**  Horn's Federal Criminal Jury Instructions for the Fourth Circuit, 2005 Edition, §
2.90; *United States v. Campbell*, 977 F.2d 854, 858 (4th Cir. 1992); *see, e.g.*, *United States v.
Ruhe*, 191 F.3d 376 (4th Cir. 1999); *United States v. Abbas*, 74 F.3d 506, 513 (4th Cir. 1996);
*United States v. Mancuso*, 42 F.3d 836, 846 (4th Cir. 1994); *United States v. Whittington*, 26 F.3d
456, 462 (4th Cir. 1994); and *United States v. Cogdell*, 844 F.2d 179, 181-82 (4th Cir. 1988);
*United States v. Schnabel*, 939 F.2d 197, 203 (4th Cir. 1991).

**Defendants' Objections to Government's Proposed Instruction No. 16.**

      Defendants object to the Government's proposed instruction Sixteen because it is

duplicative of the government's proposed "willful blindness" instruction Fifteen.  Defendants

also object to the government's proposed instruction Sixteen for the reasons set forth in

Defendants' objections to government's proposed instruction Fifteen.

**Government's Proposed Instruction No. 17.**

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or act done or omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

**Authority:**  Deviit, Blackmar & O'Malley, FJP&I, Vol. 1A, § 17.07 (2000).

**Defendants' Objections to Government's Proposed Instruction No. 17.**

Defendants object to government's proposed instruction Seventeen because it is unnecessary.  The parties have jointly requested that the Court give Red Book Instruction 2.10 -- Direct and Circumstantial Evidence -- which states in pertinent part:  "The law makes no distinction between the weight you should give to either kind of evidence, nor does circumstantial evidence require a greater degree of certainty that direct evidence.  In reaching a verdict in this case, you should weigh all of the evidence presented, both direct and circumstantial."  Red Book Instr. 2.10.  Thus, the government's proposed instruction Twenty-One -- which essentially instructs the jury that it can consider circumstantial evidence of the Defendants' intent -- is redundant and unnecessary, and the Court should decline to give the government's proposed instruction Seventeen.

**Parties' Proposed Instruction No. 18.**

**DEFENDANTS' THEORY OF CASE**

[To be submitted at the close of the trial.]

**Authority:**    Red Book Instr. 5.01, note ("When a defendant requests an instruction on a theory of the case that negates his guilt of the crime charged, and that instruction is supported by any evidence, however weak, the court must give an instruction stating the substance of the defendant's theory.") (citations omitted).

Respectfully submitted,

_____
Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig (D.C. Bar #455381)
Robert A. Ayers (D.C. Bar #488284)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
(202) 429-3000

Counsel for Erick R. Brown

David Schertler
Danny Onorato
Schertler & Onorato, LLP
601 Pennsylvania Avenue, N.W.
North Building - 9th Floor
Washington, D.C.  20004-2601
(202) 628-4199

Counsel for Milagros L. Morales

William F. Gould
U.S. Attorney's Office for the
Western District of Virginia
225 West Main Street
Charlottesville, VA  22902
(434) 293-4283

Counsel for the United States

Dated:  August 15, 2007