UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Crim. No. 1:07-cr-00075-CKK |
| ERICK R. BROWN, and MILAGROS L. MORALES, | ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF**
**PROPOSED GOOD FAITH DEFENSE INSTRUCTION**

On August 15, 2007, the parties submitted their proposed jury instructions to the Court. Included in those proposed instructions was Defendants' Proposed Instruction No. 14 (The Good Faith Defense to Knowing and Willful and Specific Intent Crimes), which instructs the jury that good faith is a complete defense to the charges in the Indictment. The government has objected to the inclusion of this instruction in the final charge to the jury. At the Court's request, Defendants Erick R. Brown and Milagros L. Morales ("Defendants"), through counsel, hereby submit this memorandum of law in support of Defendants' Proposed Good Faith Defense jury instruction.

"As a general proposition, a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." Matthews v. United States, 485 U.S. 58, 63 (1988). Indeed, a trial court's failure to provide an instruction requested by the defense that is adequately supported by the evidence presented at trial may constitute reversible error. See United States v. Morton, 999 F.2d 435, 440 (9th Cir. 1993); United States v. Opdahl, 930 F.2d 1530, 1535-36 (11th Cir. 1991). Good

faith is a defense that may be proved by circumstantial evidence or by the defendant's own testimony. See United States v. Curry, 681 F.2d 406, 416 n.25 (5th Cir. 1982) ("Good faith, just like bad faith, can be proved by circumstantial evidence. To hold otherwise would effectively eviscerate the accused's right not to testify in any criminal matter in which good faith was at issue.").

An instruction informing the jury of Defendants' good faith defense to the charges in the Indictment is appropriate in this case because the parties have agreed that all of the Counts at issue require the government to prove that Defendants acted with the specific intent to violate the law. See Parties' Proposed Instructions Nos. 2, 4 (government must prove that Defendants acted "corruptly" and with "specific intent" with respect to Counts One through Five), and No. 6 (government must prove that Defendants "acted knowingly and willfully" with respect to Counts Six through Eight). It is well-established that good faith is a complete defense to crimes of specific intent. See United States v. Young, 470 U.S. 1, 32 (1985) (Brennan, J., concurring in part and dissenting in part) ("mail fraud and the making of false statements are specific-intent crimes and . . . good faith therefore stands as a complete defense"); United States v. Phillips, 19 F.3d 1565, 1583 (11th Cir. 1994) ("good faith is a complete defense to specific intent crimes").

More precisely, good faith is a defense to charges involving corrupt intent or intent to deceive because good faith negates the requisite element of intent. See United States v. Johnson, 585 F.2d 119, 128-29 (5th Cir. 1978) (the meaning of "corruptly endeavors" in 18 U.S.C. § 1503 cannot include "a good faith effort to obtain the presence of a reluctant witness or to urge truthful testimony"); United States v. Baker, 626 F.2d 512, 516 (5th Cir. 1980) ("the requirement [in 18 U.S.C. § 1001] that defendant intend to deceive by making a statement which he knows is false serves to insure against punishing one who has committed no culpable act").

Thus, juries are routinely instructed on the defendant's good faith defense in cases involving obstruction of justice or false statement charges. See, e.g., United States v. Massey, No. 02-1219, 2003 WL 1720064, at *4 (2d Cir. Apr. 1, 2003) (jury instructed as to charges brought under witness tampering statute, 18 U.S.C. § 1512(b)(3), that "if the evidence shows that [the defendant] had a reasonable good faith belief that one or more of the federal agents had authorized him in advance to [make extortionate and threatening statements as means of deception]," then it must acquit); United States v. Blackley, 167 F.3d 543, 551 (D.C. Cir. 1999) (jury considering charge under 18 U.S.C. § 1001 instructed that they must acquit the defendant if they found he acted in good faith); United States v. Kruckel, Cr. No. 92-611 (JBS), 1994 WL 774645, at *18 (D.N.J. May 5, 1994) (jury properly instructed as to defense theory of good faith because "[t]he perjury and obstruction statutes at issue here apply only to those people who knowingly and willfully give false statements under oath or knowingly and willfully exhort others to do so"); 2A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, Federal Jury Practice & Instructions § 40.16 (5th ed.) (setting forth sample good faith defense instruction for charges under 18 U.S.C. § 1001).

At trial, Defendants will seek to establish that they did not have the specific intent to obstruct justice or knowingly and willingly make, or cause to be made, false statements because they had a good faith belief that that probable cause existed to arrest Jerome Jones for the Club U murder and that the statements they elicited from Witnesses A, B and C were truthful. The evidence will show that the Detectives had an objective good faith belief that probable cause existed to arrest Jerome Jones for the Club U murder based on the evidence they gathered in the early stages of the investigation. This good faith belief informed their actions throughout the investigation. The evidence will also show that the Detectives did not coerce the

witnesses to provide false testimony to the AUSA assigned to the Club U murder investigation. Instead, the Detectives, armed with their good faith belief that probable cause existed to arrest Jerome Jones, sought clarification of Witness A, B and C's inherently unreliable eye-witness statements and advised the witnesses to describe exactly what they saw without injecting assumptions based on personal experiences into their statements. Furthermore, because the Detectives believed that Witnesses A, B and C were giving truthful statements, they acted in good faith when they presented those witnesses to the assigned AUSA. Likewise the Detectives acted in a good faith belief that the witnesses' statements were truthful and that probable cause existed to arrest Jerome Jones when they urged the assigned AUSA to sign the arrest warrant. In sum, the actions the Detectives took with respect to the witnesses' statements and their own statements to the AUSA, as well as arguing in support of the arrest warrant, were guided by a good faith belief that probable cause existed to arrest Jerome Jones for the Club U murder and that they had elicited accurate, truthful statements from Witnesses A, B and C.

In sum, the Defendants' good faith belief that probable cause existed to believe Jerome Jones committed the Club U murder and that the witnesses' statements were truthful is a complete defense to the charges in the Indictment that they acted corruptly and with the specific intent to obstruct justice. Likewise, Defendants' good faith belief that the statements they elicited from Witnesses A, B and C were truthful is a complete defense to the charges in the Indictment that they knowingly and willfully made or caused to be made, false statements to the AUSA assigned to the Club U murder investigation.

- 5 -

For the foregoing reasons, Defendants respectfully request that the Court include their Proposed Good Faith Defense Instruction, Instruction No. 14, in its final instructions to the jury.

Respectfully submitted,

_____
Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig (D.C. Bar #455381)
Robert A. Ayers (D.C. Bar #488284)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
(202) 429-3000

Counsel for Erick R. Brown


David Schertler
Danny Onorato
Schertler & Onorato, LLP
601 Pennsylvania Avenue, N.W.
North Building - 9th Floor
Washington, D.C. 20004-2601

Counsel for Milagros L. Morales

Dated: August 21, 2007