UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NUMBER: |
| | : | 1:2007-cr-00075-CKK |
| | : | |
| | : | The Honorable Colleen |
| v. | : | Kollar-Kotelly |
| | : | |
| ERICK R. BROWN, and | : | |
| MILAGROS L. MORALES, | : | |
| | : | |
| Defendants. | : | |
| | : | |

UNITED STATES'S OPPOSITION TO DEFENDANTS'
REQUEST FOR GOOD FAITH DEFENSE INSTRUCTION

The United States, by and through its attorney, the United States Attorney for the Western District of Virginia, hereby opposes "Defendants' Memorandum in Support of Proposed Good Faith Defense Instruction."

Reliance on others is often a defense in a trial where a defendant honestly relies on the advice of an attorney, a superior, or on a law enforcement officer, and is not willfully blind to the fact that the advice is fraudulent, if that be so. E.g., United States v. Baker, 546 F.2d 940, 946-947 (D.C. Cir. 1976). This theme is apparent even in the cases cited by defendants. In United States v. Massie, No. 02-1219, 2003 WL 1720064 at 4 (2d Cir. April 1, 2003), the alleged good faith reliance at issue was on certain federal agents. United States v. Phillips, 19 F.3d 1565, 1583-1584 (11th Cir. 1994), is rather legally specific as it deals with the complex ERISA law, which specifically codifies certain good faith defenses to this

regulatory pension scheme. Nevertheless, even in that matter, the alleged reliance was on administrative opinions or interpretations. Id. at 1583. Other cases cited such as United States v. Young, 470 U.S. 1, 32 (1985), stand for the proposition that good faith is a defense to specific intent crimes. These do not answer the question of whether defendants are entitled to an additional instruction that serves almost exclusively to reemphasize the government's burden.

In United States v. Gambler, 662 F.2d 834, 837 (D.C. Cir. 1981), the Circuit affirmed the District Court's decision not to give a good faith instruction writing that:

> Appellant's second contention may also be readily dismissed. His challenge to the district court's refusal to deliver a requested instruction must be judged by viewing the instructions as a whole. [Citations omitted.] A review of the instructions given by Judge Greene in this case reveals that the trial court took care to emphasize the government's burden of proving the element of specific intent beyond a reasonable doubt. [Citation to transcript omitted.] We believe that these instructions sufficiently covered the particular point raised by appellant's requested good faith instruction.

Id. at 837. This language is applicable to the situation in this matter. Some version of the good faith instruction is usually given if the defendant being tried has relied on someone or something. It is usually not given as an opportunity to reemphasize the intent element of the crimes charged. In United States v. Pless, 79 F.3d 1217, 1219 (D.C. Cir. 1996), the Circuit similarly affirmed the denial of a free floating good faith instruction. In that matter, the defendant had requested an instruction that if the jury "found he had a good faith belief that

2

National [Bank] had consented to his actions, it 'must' acquit . . . ."[1]  See also United States v. Butler, 822 F.2d 1191, 1197-1198 (D.C. Cir. 1987) (Good faith instruction did not fit the facts of the case).  The Court will correctly and effectively instruct the jury regarding the intent necessary for conviction in this matter.  This additional instruction is unnecessary and would be redundant.

In addition, the issue as framed in one portion of defendants' brief on this matter seems to the government not to the point.  Defendants assert that they "will seek to establish that they did not have the specific intent to obstruct justice or knowingly and willfully make, or cause to be made, false statements because they had a good faith belief that probable cause existed to arrest Jerome Jones for the Club U matter and that the statements that they elicited from Witnesses A, B, and C were truthful." Defendants' Memorandum at 3.  Any good faith belief that the defendants may or may not have had that probable cause existed to arrest Jerome Jones is not relevant to the trial.  If defendants are going to offer evidence that they were relying on the advice of another that there was probable cause to arrest Jerome Jones for murder one while armed, this evidence is not relevant and reliance on such advice is immaterial to the issues to be decided by the jury.

---

[1]  It should be noted that to say that the Circuit affirmed the District Court's decision on this specific issue may be overstating the case.  The trial court did tell the jury that is should consider defendant's claimed good faith belief, but not in the manner requested here.  Id. at 1220.  The government has no objection to a version of this instruction being presented as a defendants' theory of the case "instruction."  This seems much closer to what the trial court did in Pless.

WHEREFORE, the United States respectfully requests that the Court deny defendants' request for their proposed good faith defense instruction.

Respectfully submitted,

JOHN L. BROWNLEE
United States Attorney


s/Bill Gould
William F. Gould
Assistant United States Attorney
District of Columbia Bar # 428468
Virginia State Bar # 67002

C E R T I F I C A T E

I certify that a true and correct copy of this government response has been filed through the Court's electronic filing system, which will send a copy to counsel for both defendants, **David Schertler** and **Danny Onorato** of Schertler & Onorato, L.L.P., and for Milagros Morales, and **Reid Weingarten** and **Brian Heberlig** of Steptoe & Johnson, L.L.P., for Erick Brown, on this 26th day of August, 2007. I am also sending a copy to Chambers by telecopy, and will bring hard copies to Court on Monday, August 27, 2007, for all parties.

                                           s/Bill Gould
                                           William F. Gould
                                           Assistant United States Attorney